■ ERIC WALKER, an Infant, et al., Appellants, v STATE OF NEW YORK, Respondent. — In a claim to recover damages for personal injuries, etc., allegedly sustained as a result of medical malpractice, claimants appeal from a judgment of the Court of Claims (Modugno, J.), dated January 17, 1983, which, after a nonjury trial, dismissed their claim.

Judgment affirmed, without costs or disbursements.

Appellants contend that claimant Eric Walker, an infant, suffered permanent brain damage as a result of medical malpractice during heart surgery at Downstate Medical Center. To establish liability, appellants relied on the doctrine of res ipsa loquitur, arguing that prior to the operation, Eric was normal but that he was not normal thereafter. Appellants further argued that because brain damage was not a normal risk of the type of surgery undergone by Eric, the brain damage allegedly suffered must have been caused by an unspecified deviation from normal standards of medical care during the operation. Since there was no indication of such a deviation in the hospital records, the appellants claimed that defendant and its employees engaged in a "cover up". The Court of Claims refused to apply the doctrine of res ipsa loquitur, reasoning that the appellants "failed to specifically prove what the deviation was that resulted in [Eric's] injuries".

On this appeal the appellants contend that res ipsa loquitur was applicable to the facts of this case. Additionally, the appellants contend that the court erred in refusing to admit into evidence a neurological report, prepared by a physician employed by defendant, concerning Eric's condition. Although we agree that both determinations were erroneous, we nevertheless conclude that there should be an affirmance.

Clearly the court erred in finding that the absence of direct evidence as to the specific act of negligence served as a bar to application of the doctrine of res ipsa loquitur. Indeed, it is the need for just such direct evidence that the doctrine is intended to obviate (*see, Fogal v Genesee Hosp.,* 41 AD2d 468, 475; Prosser & Keeton, Torts §§ 39-40 [5th ed]).

The Court of Claims also erred in refusing to admit into evidence, at appellants' behest, the aforementioned report concerning an examination of Eric performed several months after the operation. In that report, the physician stated that Eric's behavioral abnormalities might be attributable to some sort of vascular insult which occurred during surgery. Though referred to in the official hospital records, the report was not found among those records, although it apparently should have been (*see,* 10 NYCRR 405.1026 [g]).

We conclude that the report should have been admitted pursuant to the business records exception to the hearsay evidence rule (*see,* CPLR 4518 [a]), since an adequate foundation was laid by the testimony of another physician employed by defendant who described both the nature and the function of such reports and who adequately identified the instant report (*see, People ex rel. McGee v Walters,* 62 NY2d 317, 320-321; 5 Bender's New York Evidence § 373.01, at 233; New York State Law Revision Commn, Proposed Code of Evidence for the State of New York, comment 803 [c] [5]; McCormick, Evidence § 312 [3d ed]).

Neither error, however, requires a reversal in this case. Turning first to the court's refusal to allow the neurological report into evidence, we note that the erroneous exclusion of evidence warrants a reversal only if it can be said that such evidence, had it been admitted, probably would have had a substantial influence upon the result of the trial (*see,* CPLR 2002; *Hansell v Galvani,* 286 App Div 1019, *rearg and lv denied* 286 App Div 1104, *lv denied* 309 NY 1035; 2A Weinstein-Korn-Miller, NY Civ Prac par 2002.02; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2002:1, at 449; *cf. Standard Textile Co. v National Equip. Rental,* 80 AD2d 911). Considering the other evidence presented on this issue, and the tentative nature of the diagnosis contained in the report, which

at best was cumulative, it is highly unlikely that the result would have been changed by the admission of the report.

Nor does the court's misstatement of the law concerning the doctrine of res ipsa loquitur mandate a reversal of the judgment, because recovery was precluded in any event. The Court of Claims found that appellants had failed to meet their burden of proving that Eric was in fact normal prior to the operation and brain damaged thereafter. The court also concluded that, based on the hospital records and the testimony of the surgeon who had performed the operation, there had been no deviation from accepted standards. We find both these determinations to be supported by the weight of the evidence and in light thereof, appellants could not have prevailed even had the court correctly applied the doctrine of res ipsa loquitur. Mollen, P. J., Titone, Lazer and Mangano, JJ., concur.