■ THERESA HAMMER et al., Appellants, v ALAN BERG, Respondent. [597 NYS2d 740] —In an action to recover damages for libel, the plaintiffs appeal from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (McCabe, J.), entered March 1, 1991, which, upon granting the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, is in favor of the defendant and against them dismissing the complaint, and (2) so much of an order of the same court, entered August 29, 1991, as granted the defendant's motion for costs and an award of attorneys' fees on the ground that the action was frivolous.

Ordered that the order and judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the defendant's motion is denied in its entirety.

The plaintiffs, Theresa Hammer and Karl Burns, are former members of the New York State Labor Relations Board (hereinafter the Board). At all times pertinent to this litigation, the defendant Alan Berg served as the Board's general counsel. In March 1989 the Board, by a two-member majority, issued a determination finding that Casey's Old Town Pub (hereinafter Casey's Pub) had engaged in unfair labor practices against Local 471 of the Hotel, Motel and Restaurant Employees' and Bartenders' Union (hereinafter the Union).

In July 1989 Casey's Pub commenced a proceeding in the

Supreme Court, Essex County, challenging the Board's determination. On July 12, 1989, before issue was joined, the defendant wrote a letter to the Justice assigned to the proceeding. Writing in his capacity as the Board's general counsel, the defendant advised the court that one of the two members who had voted in the majority, the plaintiff Hammer, was formerly an official of the Union and had acted as its spokesperson even after she began serving on the Board. The court was also informed that Hammer's involvement in the determination that was the subject of the pending proceeding was being investigated by the New York State Inspector General's Office. According to the letter, both Hammer and the plaintiff Burns had engaged in a "pattern of misconduct" which had deprived Casey's Pub of any chance for a fair and impartial determination.

Thereafter, the Board, acting through regional counsel, answered Casey's Pub's petition and moved to enforce the March 1989 determination.

In July 1989, the plaintiffs commenced the instant lawsuit alleging that the letter authored by the defendant and sent to the assigned Justice in the Essex County proceeding was libelous. The defendant moved to dismiss, contending that the allegedly libelous statements were absolutely privileged because they were made in connection with a pending judicial proceeding. The Supreme Court agreed, and entered judgment dismissing the complaint. On a subsequent motion by the defendant for an award of costs, attorneys' fees, and sanctions, the court found that the libel action had been commenced solely to harass the defendant and therefore was frivolous. The court awarded costs and attorneys' fees directing each plaintiff to pay the defendant the sum of $750. We now affirm the dismissal of the complaint, but reverse and vacate the award of costs and attorneys' fees.

We conclude that the defendant was a participant in the Essex County judicial proceeding, writing to the court in his capacity as the Board's general counsel (see, Park Knoll Assocs. v Schmidt, 59 NY2d 205, 209). The allegedly libelous statements contained in the letter were clearly pertinent to the pending judicial proceeding and thus, they were absolutely privileged (see, Martirano v Frost, 25 NY2d 505). Accordingly, the court properly dismissed the complaint.

However, we disagree with the court's finding that the action was frivolous because it was so obviously barred by the defendant's right to invoke the protection of absolute privilege. The plaintiffs advanced an arguably defensible claim

that the defendant was not a participant in the Essex County proceeding and should not be entitled to invoke the absolute privilege. Under the circumstances, the award of costs and attorneys' fees was an improvident exercise of discretion and should be vacated (see, 22 NYCRR 130-1.1; *Nowak v Walden,* 187 AD2d 418).

In addition, we find no basis to impose sanctions against the plaintiffs on this appeal. Bracken, J. P., Ritter, Copertino and Santucci, JJ., concur.