■ GIANFRANCO DONATI, Appellant-Respondent, v MARINELLI CONSTRUCTION CORP. et al., Respondents-Appellants. [668 NYS2d 701] —In consolidated actions, *inter alia*, for an accounting, the plaintiff appeals from a resettled judgment of the Supreme Court, Queens County (Turret, J.H.O.), dated November 21, 1996, which, after a nonjury trial, is in favor of the defendant Marinelli Construction Corp. and against him on its counterclaim in the principal sums of $15,692.50 and $6,613.66, and in favor of the defendant Nicholas Marinelli and against him on his counterclaim in the principal sum of $7,875, and the defendants Marinelli Construction Corp., and Nicholas Marinelli cross-appeal, as limited by their notice of cross appeal and brief, from so much of the same judgment as, *inter alia*, failed to award damages for certain property management and construction supervision costs.

Ordered that the resettled judgment is modified, on the law

and the facts, by deleting the provisions thereof granting judgment in favor of the defendant Marinelli Construction Corp. in the principal sums of $15,692.50 and $6,613.66, and substituting therefor a provision granting judgment in favor of the plaintiff Gianfranco Donati against the defendant Marinelli Construction Corp. in the principal sum of $14,505.89; as so modified the resettled judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

These consolidated actions, *inter alia*, for an accounting arise out of a series of joint ventures entered into by the parties. The purpose of the joint ventures was to purchase real property in Queens County, make the necessary renovations to existing structures or build new structures, and to thereafter sell or rent each property and share equally in the profits.

After a nonjury trial, the court, among other determinations, awarded Marinelli Construction Corp. (hereinafter MCC) and Nicholas Marinelli (hereinafter Marinelli) certain additional moneys on the various joint ventures, and declared that Gianfranco Donati's assignment of a parking lot lease to himself and Marinelli was valid. The parties appeal and cross-appeal from various portions of the court's rulings.

The determination of a trial court after a nonjury trial should not be disturbed on appeal unless the court's conclusion could not have been reached by any fair interpretation of the evidence (*see, Astoria Fed. Sav. & Loan Assn. v Thrift Assns. Serv. Corp.*, 237 AD2d 475). Upon our review of the record, we conclude that two of the court's findings are not supported by the evidence.

As to the property which was located on 13th Avenue, the testimony and report of the accountant for Marinelli and MCC established that Donati was owed some money from the purchase of the property. Using that accountant's figures and taking into consideration that certain items in the accountant's report which were credited to MCC were properly disallowed by the court, we find that Donati is owed $17,587.58 for the 13th Avenue property. The fax transmittal relied on by the court as indicating Donati's understanding that no additional sums were owed to him simply does not support such a conclusion.

As to the property located on 18th Avenue, the evidence presented by Donati established that he is entitled to $19,224.47 from the sale of this property to equalize the parties' respective contributions. Marinelli failed to present any evidence contradicting Donati's accounting and testimony concerning the disposition of the sale proceeds for this property, which established

his entitlement to this award. The court's conclusion that there was a failure of proof on this claim was error. Accordingly, Donati is entitled to the sum of $36,812.05. Deducting the sums owed to MCC., i.e., $22,306.16, a judgment in the principal sum of $14,505.89 should be entered in Donati's favor.

We find that the court's other determinations were based on a fair interpretation of the evidence and should not be disturbed. The court correctly disallowed office administration, property management, and construction supervision fees Marinelli sought to charge for these services. Partnership Law § 40 (6) provides that absent an agreement no partner is entitled to remuneration for acting in the partnership business. The court's conclusion that the parties did not reach any agreement with respect to payment for such services is supported by the evidence.

Contrary to Donati's contention, the court was not required to direct payment of the statutory rate of interest on the sum he was paid for his share of the profits from the sale of the 13th Avenue property. The court had the discretion to determine the rate of interest, as this is "an action of an equitable nature" (CPLR 5001 [a]). The court did not improvidently exercise its discretion in awarding interest at the rate paid by the depository.

We have examined the parties' remaining contentions and find them to be without merit. Bracken, J. P., Ritter, Altman and Friedmann, JJ., concur.