■ CHEIKH BARRY et al., Appellants, v LONG ISLAND UNIVERSITY et al., Respondents, et al., Defendant. [778 NYS2d 697]—In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Dunne, J.), dated March 31, 2003, which, upon the granting of the motion of the defendants Long Island University and Ed Goodhines pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the evidence, dismissed the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed, with costs.

A motion pursuant to CPLR 4401 for judgment as a matter of law should be granted where "the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Holt v Welding Servs.*, 264 AD2d 562 [1999]; *Shpritzman v Strong*, 248 AD2d 524 [1998]). Under the circumstances here, the trial court properly granted the motion for judgment as a matter of law dismissing the complaint insofar as asserted against the defendants Long Island University and Ed Goodhines.

The exclusion of cumulative evidence, at most, constituted harmless error (*see Segnit v Stuhr Gardens Hous. Dev. Fund Co.*, 227 AD2d 612 [1996]; *Tannen v Long Is. R.R.*, 215 AD2d 745 [1995]; *Walker v State of New York*, 111 AD2d 164 [1985]). Florio, J.P., Adams, Cozier and Lifson, JJ., concur.