Cor Canada Road Company, LLC, et al., Appellants, v Dunn & Sgromo Engineers, PLLC, Respondent. [825 NYS2d 601]—

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered November 10, 2005. The order and judgment, among other things, granted judgment in favor of defendant on its counterclaim.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs appeal from an order and judgment in this professional malpractice action entered upon a jury verdict of no cause of action with respect to plaintiffs and finding in favor of defendant on its counterclaim. We reject plaintiffs' contention that Supreme Court erred in permitting defendant's attorney to use extrinsic evidence to cross-examine a witness with respect to the credibility of that witness. Although it is "well settled that extrinsic evidence introduced solely to impeach credibility on a collateral issue is, with special exceptions, inadmissible" (*Halloran v Virginia Chems.*, 41 NY2d 386, 390 [1977]), here the extrinsic evidence previously was introduced by plaintiffs as part of their case-in-chief. Plaintiffs further contend that the court abused its discretion in allowing that cross-examination and that a new trial thus is required. Even assuming, arguendo, that the court thereby abused its discretion, we nevertheless conclude that a new trial is not required because any such "error did not adversely affect a substantial right of the plaintiff[s]" (*Getlin v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 117 AD2d 707, 709 [1986]; *see* CPLR 2002).

Contrary to the further contention of plaintiffs, the court did not abuse its discretion in precluding one of their experts from testifying concerning certain matters on the ground that such testimony would be cumulative. " 'Whether [testimony] should be excluded as cumulative is a matter that rests within the sound discretion of the trial court' and the exclusion of [that] testimony constituted a sound exercise of discretion in this case" (*Clemons v Vanderpool*, 289 AD2d 1078, 1079 [2001]; *cf. Shafran v St. Vincent's Hosp. & Med. Ctr.*, 264 AD2d 553, 556 [1999]).

We have considered plaintiffs' remaining contentions and conclude that they are without merit. Present—Scudder, J.P., Kehoe, Gorski, Smith and Pine, JJ.