■ DAVID R. CAPLAN, Appellant, v LAWRENCE E. TOFEL, Defendant, and TOFEL, KARAN & PARTNERS, P.C., Respondent. [871 NYS2d 656]—In an action to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Pagones, J.), dated March 8, 2007, which, upon a jury verdict, directed the entry of a judgment in favor of the defendant Tofel, Karan & Partners, P.C., on its counterclaim and against him in the principal sum of $34,122.25, and (2) from a judgment of the same court entered March 9, 2007, which, upon the order, is in favor of the defendant Tofel, Karan & Partners, P.C., and against him in the principal sum of $34,122.25.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court has broad discretion in determining the materiality and relevance of proffered evidence (*see Hyde v*

*County of Rensselaer,* 51 NY2d 927 [1980]; *Klempner v Leone,* 277 AD2d 287 [2000]). The Supreme Court providently exercised its discretion in denying the appellant's motion in limine to exclude certain evidence. The challenged evidence was relevant either to the nature of the services performed by the respondent law firm for the appellant, or to the appellant's credibility. Further, the Supreme Court properly declined to admit into evidence a copy of an order in underlying litigation as cumulative to testimony already received concerning the outcome of that litigation (*see Cor Can. Rd. Co., LLC v Dunn & Sgromo Engrs., PLLC,* 34 AD3d 1364 [2006]; *Clemons v Vanderpool,* 289 AD2d 1078, 1079 [2001]). Mastro, J.P., Miller, Carni and Chambers, JJ., concur.