■ DIVISION SEVEN, INC., Respondent, et al., Plaintiffs, v HP BUILDERS CORP. et al., Appellants. [872 NYS2d 496]—

In an action, inter alia, to recover damages for breach of contract, the defendants HP Builders Corp., Francis Lewis Realty, LLC, Clinco Realty Corp., and General Accident Insurance Company appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), dated November 20, 2007, as, after a nonjury trial, dismissed the counterclaim asserted by the defendant HP Builders Corp. against the plaintiff Division Seven, Inc.

Ordered that the appeal by the defendants Francis Lewis Realty, LLC, Clinco Realty Corp., and General Accident Insurance Company is dismissed, as those defendants are not aggrieved by the judgment appealed from (*see* CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as appealed from by the defendant HP Builders Corp.; and it is further,

Ordered that one bill of costs is awarded to the respondent.

At the nonjury trial, in support of its counterclaim against the plaintiff Division Seven, Inc. (hereinafter DSI), the defendant HP Builders Corp. (hereinafter HP), attempted to introduce into evidence invoices purportedly establishing damages it sustained as a result of DSI's alleged breach of contract. DSI objected, and the Supreme Court sustained the objection. On appeal, HP contends that the Supreme Court erred in precluding the invoices. In light of the lack of any evidence in the record to indicate that DSI was contractually bound to perform the work which was the subject of HP's counterclaim, any error the Supreme Court may have committed in refusing to admit the invoices into evidence was harmless, as there is no indication that the evidence would have had a substantial influence on the result of the trial (*see* CPLR 2002; *Milone v Milone*, 266 AD2d 363, 363-364 [1999]; *Walker v State of New York*, 111 AD2d 164, 165 [1985]).

The remaining contentions of HP and DSI either are not properly before us, are without merit, or need not be reached in light of our determination. Rivera, J.P., Angiolillo, Dickerson and Chambers, JJ., concur.