■ NICHOLAS PARLANTE et al., Appellants, v ARTHUR CAVALLERO, Also Known as A.J. CAVALLERO, Doing Business as ARTIES REPAIR SHOP, Respondent. [900 NYS2d 749]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from (1) an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), entered August 27, 2008, which, after a nonjury trial, inter alia, granted the defendant's motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law for failure to establish a prima facie case, dismissed the complaint, awarded the defendant the principal sum of $30,590 on his counterclaims, and determined that the plaintiffs' claims are frivolous, and (2) an amended judgment of the same court entered December 12, 2008, which, upon the order and judgment entered August 27, 2008, and after a hearing on the issue of sanctions, is in favor of the defendant and against them in the principal sum of $31,465, plus sanctions pursuant to 22 NYCRR 130-1.1 in the sum of $8,779.09.

Ordered that the order and judgment entered August 27, 2008, is modified, on the law and in the exercise of discretion, by deleting the provisions thereof awarding the defendant the principal sum of $14,105 on the counterclaim to recover storage costs and determining that the plaintiff's claims are frivolous; as so modified, the order and judgment is affirmed, and the amended judgment entered December 12, 2008, is vacated; and it is further,

Ordered that the appeal from the amended judgment is dismissed as academic in light of our determination on the appeal from the order and judgment; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiffs are the owners of a customized 1929 Model A Roadster. In February or March 2003, the plaintiff Nicholas Parlante (hereinafter Parlante) brought the car to the defendants and requested that the defendants perform repairs, including painting the car and installing new door hinges. The defendant, Arthur Cavallero, alleged that, upon commencing the work, he discovered that the condition of the car's chassis was such that it was not safe to drive, that he informed Parlante of the situation, and that they agreed to expand the scope of the repairs to include a new custom chassis. Parlante alleged that Cavallero simply refused or was incapable of completing the requested repairs and left the car in a disassembled state, effectively destroying it. The plaintiffs then commenced this action to recover damages for breach of contract, negligence, and conversion. The defendant denied the allegations in the complaint and, inter alia, asserted counterclaims to recover damages for breach of contract and associated storage costs.

A nonjury trial was held and, upon the conclusion of the plaintiffs' case, the Supreme Court granted the defendant's motion for judgment as a matter of law and dismissed the plaintiffs' causes of action alleging breach of contract, negligence, and conversion. The Supreme Court then heard testimony with respect to the defendant's counterclaims. By order and judgment entered August 27, 2008, the Supreme Court awarded the defendant the full amount sought in his counterclaims for material/labor ($16,575) and for storage costs ($14,105), plus interest. The order and judgment also determined that the plaintiffs' claims were "frivolous," and directed a hearing "to consider the exact imposition of costs and sanctions related to the frivolous and sanctionable prosecution of this case." After a hearing was conducted, an amended judgment was entered on December 12, 2008, awarding the defendant the principal sum of $31,465, consisting of $16,575 for material/labor costs and $14,890 for storage fees, and imposing sanctions in the sum of $8,779.09.

In granting a motion pursuant to CPLR 4401 for judgment as a matter of law, the trial court must determine that, upon the evidence presented, there is no rational process by which the trier of fact could base a finding in favor of the nonmoving party (see Szczerbiak v Pilat, 90 NY2d 553 [1997]). Here, viewing the evidence in the light most favorable to the plaintiffs, and giving them the benefit of every favorable inference (see Elias v Ferri, 46 AD3d 743 [2007]), there was no rational basis upon which the Supreme Court could have found the defendant liable for breach of contract, negligence, or conversion.

With respect to the defendant's counterclaims, in view of the plaintiffs' failure to meet the notice requirements of CPLR 3101 (d) (1) (i), the Supreme Court did not improvidently exercise its discretion in precluding the proposed expert testimony of one of the plaintiffs' witnesses (*see Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc.*, 28 AD3d 463, 464-465 [2006]). Contrary to the plaintiffs' contention, to the extent that the Supreme Court precluded additional fact-based testimony offered by the subject witness, it properly exercised its discretion, given the probability that such testimony would have amounted to an unqualified expert opinion. Moreover, while the Supreme Court erred in determining that surreptitiously recorded conversations between the parties were per se inadmissible (*see generally People v Gibson*, 23 NY2d 618, [1969] *cert denied* 402 US 951 [1971]), the error was harmless since there is no indication that the evidence would have had a substantial influence on the result of the trial (*see* CPLR 2002; *Division Seven, Inc. v HP Bldrs. Corp.*, 58 AD3d 796 [2009]).

Accordingly, we decline to disturb the damages award to the defendant for labor and materials involving the plaintiffs' vehicle. However, the Supreme Court erred in awarding damages on the defendant's counterclaim to recover storage costs for the subject vehicle. Inasmuch as there was no proof that the defendant complied with the notice requirements, as set forth in 15 NYCRR 82.8, before imposing the storage fees herein, they are precluded from obtaining such damages. Furthermore, under the circumstances of this case, the Supreme Court also improvidently exercised its discretion in determining that the plaintiffs' claims were frivolous (*see generally Hammer v Berg*, 193 AD3d 716 [1993]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.