■ JOSE CASTILLO, Respondent, v 62-25 30TH AVENUE REALTY, LLC, et al., Appellants. [904 NYS2d 105]—

In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Queens County (Hart, J.), entered February 24, 2009, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of damages awarding the plaintiff the sums of $500,000 for past pain and suffering, $1,500,000 over 36 years, reduced to 10 years by operation of CPLR 5041 (e), for future pain and suffering, and $2,500,000 for future medical expenses, and for a new damages trial in the interest of justice, and (2) a judgment of the same court entered May 15, 2009, which, upon the jury verdict, and upon, in effect, the granting of the plaintiff's application to compel them to pay the sum of $5,000 to the plaintiff's expert as a condition of granting their request for a hearing to determine the structure of the judgment pursuant to CPLR article 50-B, is in favor of the plaintiff and against them in the total sum of $4,759,934.97.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff was injured while performing construction work in a building owned by the defendant 62-25 30th Avenue Realty, LLC, and leased by the defendant Zahmel Restaurant Supply Corp., doing business as Zahner's Cash & Carry. On a prior appeal, we determined that the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 4404 (a), inter alia, for judgment as a matter of law on the issue of liability pursuant to Labor Law § 240 (1) (*see Castillo v 62-25 30th Ave. Realty, LLC*, 47 AD3d 865, 866 [2008]).

The defendants now contend that in the subsequent trial on the issue of damages, the trial court committed several evidentiary errors, the cumulative effect of which warrants a new trial (*see Bayne v City of New York*, 29 AD3d 924, 926 [2006]). We agree with the defendants.

First, the trial court erroneously precluded the jury from considering a videotape taken by a videographer hired by the defendants to observe the plaintiff as he conducted his daily activities (*see Zegarelli v Hughes*, 3 NY3d 64, 69 [2004]). "[A]ny discrepancy between the tape and the videographer's description in a written report of what he saw . . . would have been a proper matter for cross-examination" (*id.*).

Second, the trial court improvidently exercised its discretion in precluding the defendants from questioning the plaintiff's treating orthopedist regarding the underlying factual allegations that led to the suspension of his license to practice medicine, a topic which would have had a bearing on his credibility if called to testify by the plaintiff (*see Badr v Hogan*, 75 NY2d 629, 634 [1990]; *Matter of Czop v Czop*, 21 AD3d 958, 960 [2005]; *Spanier v New York City Tr. Auth.*, 222 AD2d 219 [1995]). Further, after the plaintiff failed to call that orthopedist to the stand, the trial court erred in failing to grant the defendants' request for a missing witness charge (*see O'Brien v Barretta*, 1 AD3d 330, 332 [2003]; *McDowell v Eagle Trans. Corp.*, 303 AD2d 655, 656 [2003]; *Adkins v Queens Van-Plan*, 293 AD2d 503, 504 [2002]).

Third, the trial court should have permitted the defendants to cross-examine the plaintiff on a matter that was directly relevant to his claim that his injuries limited his ability to have sexual relations (*see Feldsberg v Nitschke*, 49 NY2d 636, 643 [1980]).

The trial court also improvidently exercised its discretion in conditioning its grant of the defendants' request for a hearing to determine the structure of the judgment pursuant to CPLR article 50-B upon the defendants up-front payment of the fees of the plaintiff's expert, thereby, in effect, imposing a sanction in the sum of $5,000 upon the defendants (*see Miller v John A. Keeffe, P.C.*, 164 AD2d 933, 936 [1990]).

In light of our determination, we need not reach the defendants' remaining contentions. Fisher, J.P., Angiolillo, Belen and Lott, JJ., concur.