■ LAURA GEARY, Appellant, v CHURCH OF ST. THOMAS AQUINAS, Respondent. [950 NYS2d 163]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bunyan, J.), entered April 25, 2011, which, upon a jury verdict in favor of the defendant and against her on the issue of liability, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff allegedly was injured when she tripped and fell on a defect in the sidewalk abutting premises owned by the defendant. Following a jury trial on the issue of liability, the jury found that the defendant was not negligent, and judgment was entered in favor of the defendant and against the plaintiff, dismissing the complaint.

For a reviewing court to determine that a jury's verdict is not supported by legally sufficient evidence, it must conclude that there is "simply no valid line of reasoning and permissible inferences" by which the jury could have rationally reached its verdict "on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Guclu v 900 Eighth Ave. Condominium, LLC*, 81 AD3d 592, 592 [2011]). In addition, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Chavanne v BZL Cleaning Solution, Inc.*, 84 AD3d 852, 853 [2011]; *Piazza v Corporate Bldrs. Group, Inc.*, 73 AD3d 1006, 1006-1007 [2010]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v*

*Hallmark Cards*, 45 NY2d at 499; *Nicastro v Park*, 113 AD2d 129, 133 [1985]). " 'It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses' " (*Jean-Louis v City of New York*, 86 AD3d 628, 629 [2011], quoting *Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]; *see Salony v Mastellone*, 72 AD3d 1060, 1061 [2010]).

Applying these principles here, there was a valid line of reasoning and permissible inferences by which the jury could have rationally reached its verdict on the basis of the evidence presented at trial, and a fair interpretation of the evidence supported the jury's determination that the defendant was not negligent (*see Loughren v County of Ulster*, 75 AD3d 976, 977 [2010]; *Muniz v New York City Tr. Auth.*, 30 AD3d 388, 389-390 [2006]).

We agree with the plaintiff that the Supreme Court erred in precluding her from introducing into evidence certain photographs (*see People v Patterson*, 93 NY2d 80, 84 [1999]; *People v Byrnes*, 33 NY2d 343, 347 [1974]). However, this error was harmless, as there is no indication that the evidence would have had a substantial influence on the result of the trial (*see* CPLR 2002; *Parlante v Cavallero*, 73 AD3d 1001, 1003 [2010]; *Milone v Milone*, 266 AD2d 363 [1999]). Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.