*857 The plaintiff alleged that in 2004 the defendants caused her to sustain personal injuries by defectively remediating a mold condition in her apartment on Spring Street in Manhattan. After one defendant was awarded summary judgment and the Supreme Court granted the unopposed motion of another defendant for judgment as a matter of law at the close of the plaintiffs case at trial, the jury found in favor of the remaining defendants. The plaintiff contends, among other things, that the verdict was contrary to the weight of the evidence. We may not set aside a jury verdict as contrary to the weight of the evidence “unless the jury could not have reached the verdict by any fair interpretation of the evidence” (Geary v Church of St. Thomas Aquinas, 98 AD3d 646, 646 [2012]; see Nicastro v Park, 113 AD2d 129, 133-134 [1985]). In conducting our review, we accord great deference to a jury’s credibility findings, including its determinations as to which expert to credit, because the jury is in a superior position to assess the witnesses (see Geary v Church of St. Thomas Aquinas, 98 AD3d at 647; Bailey v Brookdale Univ. Hosp. & Med. Ctr., 98 AD3d 545, 546 [2012]; Saccone v Gross, 84 AD3d 1208, 1208-1209 [2011]). Here, contrary to the plaintiffs contention, the jury verdict was based on a fair interpretation of the evidence and, thus, was not contrary to the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Nicastro v Park, 113 AD2d at 134).
The plaintiff’s remaining contentions are without merit. Skelos, J.E, Balkin, Leventhal and Cohen, JJ., concur.