In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals, as limited by a letter dated September 14, 2012, from so much of a judgment of the Supreme Court, Kings County (Rosenberg, J.), dated April 13, 2004, as, upon a jury verdict on the issue of liability, is in favor of the defendants Michael Reich and Alan E Zeitlin and against him dismissing the complaint insofar as asserted against those defendants.
Ordered that the judgment is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendants Michael Reich and Alan E Zeitlin to the plaintiff, the complaint is reinstated insofar as asserted against the defendants Michael Reich and Alan E Zeitlin, and a new trial is granted as against those defendants.
On August 16, 1995, the plaintiffs decedent (hereinafter the decedent) underwent a subtotal colectomy. The surgery, which was performed by the defendant Michael Reich with assistance by the defendant Alan E Zeitlin, involved tying off blood vessels. Later that same day, the decedent died of a lower gastrointestinal hemorrhage, with cardiovascular disease as a contributory cause of death. The medical examiner found 1500 cubic centimeters of liquid blood and clot in the decedent’s abdominal cavity, with the hemorrhage “concentrated at the level of the hepatic flexure (comment: probable dehiscence [loosening] of ligature).”
The plaintiff, as executor of the decedent’s estate, commenced this action against, among others, Reich and Zeitlin (hereinafter together the individual defendants). In October 2003, the matter proceeded to trial before a jury. During the trial, the trial court redacted the statement in the medical examiner’s autopsy report that there was “probable dehiscence of ligature.” The medical examiner who performed the autopsy and prepared the autopsy report testified at trial, but was precluded from mentioning her redacted comment. The plaintiffs counsel asked for an opportunity to lay a foundation for that testimony, but the trial court denied the request.
*681 The plaintiff’s expert was cross-examined based upon the fact that the autopsy report did not include a finding of “any leaking blood vessel,” and included findings that all closures were intact. The expert testified that there was “something left out” of his copy of the autopsy report, and the trial court instructed that jury that “[t]here is nothing left out.” The individual defendants’ expert testified that, after reviewing the autopsy report, he concluded to a reasonable degree of medical certainty that no loose “tie off” of a blood vessel was found in the decedent’s body.
At the conclusion of the trial, the trial court submitted interrogatories to the jury. Over the plaintiffs objection, the trial court consolidated several of the plaintiffs proposed interrogatories and asked whether Reich departed “from good and accepted standards of medical practice in not properly examining, testing and diagnosing (emphasis added)” the decedent’s internal bleeding. The jury rendered a verdict on the issue of liability in favor of the defendants and against the plaintiff, and judgment was entered thereon dismissing the complaint.
Contrary to the plaintiffs contention, the jury interrogatory at issue on appeal was proper, because the alleged deviations included in that one interrogatory did “not constitute separate theories of malpractice, but [were] interrelated deviations” (Velasquez v Skory, 49 AD3d 1056, 1058 [2008]). However, the medical examiner’s opinion relating to the decedent’s “probable dehiscence of ligature” was improperly excluded from evidence. Contrary to the trial court’s determination, the medical examiner’s opinion was admissible (see Broun v Equitable Life Assur. Socy. of U. S., 69 NY2d 675, 676 [1986]; Walters v State of New York, 125 Misc 2d 604 [1984]). Further, since the medical examiner was not retained as a party’s expert witness, her opinion was not subject to the requirements for disclosure set forth in CPLR 3101 (d) (1) (see Jing Xue Jiang v Dollar Rent a Car, Inc., 91 AD3d 603 [2012]). Rather, the medical examiner was a nonparty witness pursuant CPLR 3101 (a) (see Bostrom v William Penn Life Ins. Co. of N.Y., 285 AD2d 482 [2001], overruled on other grounds Kooper v Kooper, 74 AD3d 6 [2010]). The medical examiner’s opinion did not constitute cumulative evidence, and, under the circumstances of this case, its exclusion cannot be deemed harmless (see Division Seven, Inc. v HP Bldrs. Corp., 58 AD3d 796, 797 [2009]; Barry v Long Is. Univ., 8 AD3d 519 [2004]).
The parties’ remaining contentions either are without merit or need not be addressed in light of our determination.
In view of the foregoing, the plaintiff is entitled to a new trial *682 as against the individual defendants. Eng, P.J., Angiolillo, Sgroi and Hinds-Radix, JJ., concur.