■ In the Matter of WILBUR F. BRESLIN, Appellant-Respondent, v SUPERIOR STEAKHOUSE SYSTEMS HOLDING CORP., Formerly Known as SUPERIOR STEAKHOUSE SYSTEMS, INC., Respondent, and FRED COHEN et al., Respondents-Appellants. [2 NYS3d 191]—

In a hybrid proceeding, inter alia, pursuant to Business Corporation Law § 1104 (a) for the judicial dissolution of certain corporations, and action to recover damages for breach of contract, the petitioner/plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Bucaria, J.), dated May 28, 2013, as, upon a decision of the same court entered April 25, 2013, made after a nonjury trial, is in favor of the additional respondents/defendants and against him dismissing the fourth cause of action; the additional respondents/defendants cross-appeal, as limited by their brief, from so much of the same order and judgment as is in favor of the petitioner/plaintiff and against them dismissing their fourth counterclaim.

Ordered that order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order and judgment is reversed insofar as

cross-appealed from, on the law and the facts, the additional respondents/defendants' fourth counterclaim is reinstated, judgment is awarded to the additional respondents/defendants on their fourth counterclaim against the petitioner/plaintiff in the principal sum of $679,426.99, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment; and it is further,

Ordered that one bill of costs is awarded to the additional respondents/defendants, payable by the petitioner/plaintiff.

This matter arises from the long-standing business relationship between the petitioner/plaintiff, Wilbur F. Breslin, and additional respondent/defendant Fred Cohen (hereinafter Fred), during which they formed Superior Steakhouse Systems, Inc., now known as Superior Steakhouse Systems Holding Corp. (hereinafter Superior), Cohen-Breslin Realty Company, and C-B Baldwin, LLC (hereinafter collectively the Cohen/Breslin business entities). As of the date of the commencement of this hybrid proceeding and action, Breslin held a 50% interest in Superior, whereas Fred, Richard Cohen, Donald Cohen, and Christine Seewagen (hereinafter collectively the Cohen family defendants) held the other 50% interest in Superior. Superior operated Ponderosa Steakhouse Restaurants on Long Island, and Cohen-Breslin Realty Company owned the properties on which the restaurants were operated, which were leased and occupied by Superior. The restaurant operations, however, proved unsuccessful, causing Superior to discontinue that business, convert it into a real estate venture, and lease the properties to other tenants.

As their business relationship progressed, Breslin's capital contributions to Superior exceeded those made by Fred. As documented in Superior's Shareholders and Directors Minutes dated December 10, 1989, Breslin and Fred agreed that Breslin's excess capital contributions in the sum of $1,457,500 would be treated as loans to Superior (hereinafter the Breslin loans), and that Fred would execute a note to take the disparity into account. In a letter dated February 14, 1990, Fred proposed, on behalf of himself and his children, to equalize the capital accounts by allocating his distributions from Superior to repay the Breslin loans in the sum of $1,457,500 plus interest, not to exceed the prime interest rate then in effect, plus 2%, compounded annually. In a responsive letter dated February 26, 1990, Breslin stated, "I am forced to reject your presentation" and that "I am prepared to cause the equalization of capital accounts to be effected but upon the terms we agreed to, i.e. the delivery of your personal note," secured by Fred's interest in

Superior, as well as the other Cohen/Breslin business entities. Additionally, correspondence between counsel for Breslin and Fred indicated that negotiations were still ongoing at the time the correspondence was exchanged, and that the terms of any promissory note had not been resolved. Thereafter, on or about December 15, 1999, Breslin and Fred executed an operating agreement for C-B Baldwin, LLC, which provided, inter alia, that excess capital contributions to the Cohen/Breslin business entities would be reimbursed at the simple, annual interest rate of 1% above the prime rate.

After Fred and Breslin reached an impasse over their differing interpretations regarding the interest rate payable on the Breslin loans, Breslin commenced this hybrid proceeding and action seeking, inter alia, to dissolve Superior and the other Cohen/Breslin entities, and for the repayment of the Breslin loans with interest computed at prime plus 2%, compounded annually. The Cohen family defendants asserted counterclaims alleging, among other things, that Breslin breached his fiduciary duty to them, and seeking an accounting to recover excess distributions allegedly taken by Breslin from Superior.

In reviewing a determination made after a nonjury trial, this Court's power to review the evidence is as broad as that of the trial court, and this Court may render a judgment it finds warranted by the facts, bearing in mind that due regard must be given to the trial court, which was in a position to assess the credibility of the witnesses (see *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *DeAngelis v DeAngelis*, 104 AD3d 901, 902 [2013]; *Parr v Ronkonkoma Realty Venture I, LLC*, 65 AD3d 1199, 1201 [2009]).

Contrary to Breslin's contentions, the Supreme Court's dismissal of his fourth cause of action was warranted by the facts. The evidence presented at trial failed to demonstrate the existence of an enforceable agreement requiring the repayment of the Breslin loans at prime plus 2% interest, compounded annually (see *Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [1999]; *Robison v Sweeney*, 301 AD2d 815, 818 [2003]; *Lamanna v Wing Yuen Realty*, 283 AD2d 165, 166 [2001]; *Roer v Cross County Med. Ctr. Corp.*, 83 AD2d 861, 861 [1981]). Specifically, the letter signed by Breslin, dated February 26, 1990, constituted a rejection or counteroffer to the offer to equalize the respective capital accounts of Breslin and Fred, as set forth in Fred's letter dated February 14, 1990. Breslin conditioned his acceptance of Fred's offer upon his receipt of Fred's personal note, secured by a lien

upon Fred's interests in Superior and the other Cohen/Breslin entities. Accordingly, no binding agreement was formed. Testimony and documentary evidence adduced at trial also demonstrated that differing rates of interest were applied in Superior's financial records to the Breslin loans from 1990 to 2000. In the absence of an express agreement or statutory authority, compound interest is not recoverable (*see Rourke v Thomas Assoc.*, 216 AD2d 717, 718 [1995]; *see also Matter of West Bushwick Urban Renewal Area Phase 2*, 50 AD3d 695, 695-696 [2008]).

The Supreme Court, however, improperly dismissed the Cohen family defendants' fourth counterclaim, which sought to recover damages for Breslin's diversion of assets so as to pay himself unauthorized interest on the Breslin loans at the rate of prime plus 2%, compounded annually, as well as for the payment of unauthorized management fees and other fees paid to Breslin Realty and Breslin's family members. In this regard, the trial evidence demonstrated that Breslin breached his fiduciary duty, specifically, that Breslin's son and Breslin Realty, an entity solely controlled by Breslin, received compensation for services provided to Superior, without express authorization from those of the Cohen family defendants who were partners in or members of the Cohen/Breslin entities (*see Birnbaum v Birnbaum*, 73 NY2d 461, 465-466 [1989]; *Levy v Leavitt*, 257 NY 461, 467 [1931]; *Donati v Marinelli Constr. Corp.*, 247 AD2d 423, 425 [1998]). Moreover, the Cohen family defendants demonstrated that Breslin and Fred formed a binding and enforceable contract on December 15, 1999, when they executed the C-B Baldwin, LLC, Operating Agreement, which expressly fixed the applicable rate of interest as prime plus 1% simple interest annually on the repayment of all excess contributions made both before and after December 1999, whether repayment was to be made to Superior or to other Cohen/Breslin entities. Through the testimony and calculations of their forensic accountant, the Cohen family defendants also established that Breslin owed them the sum of $679,426.99 due to his breaches of fiduciary duty in the payment of unauthorized fees and overcharging of interest on the Breslin loans. Accordingly, the Cohen family defendants are entitled to recover damages in the principal sum of $679,426.99 on their fourth counterclaim.

Any error based upon an alleged violation of CPLR 4519 that the Supreme Court may have committed in its evidentiary rulings was harmless (*see* CPLR 2002; *Geary v Church of St. Thomas Aquinas*, 98 AD3d 646, 647 [2012]; *Parlante v Cavallero*, 73 AD3d 1001, 1003 [2010]; *Ewanciw v Atlas*, 65 AD3d

1077, 1078 [2009]; *Calix v New York City Tr. Auth.*, 14 AD3d 583, 584 [2005]). Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.