■ KAREN SARGENTE, Appellant, v NEVILLE MOBARAKAI et al., Respondents, et al., Defendant. [12 NYS3d 129]—In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from (1) a judgment of the Supreme Court, Richmond County (Maltese, J.), entered March 26, 2012, which, upon so much of a jury verdict as was in favor of the defendant Neville Mobarakai and against her on the issue of liability, is in favor of that defendant and against her dismissing the complaint insofar as asserted against that defendant, (2) a judgment of the same court, also entered March 26, 2012, which, upon so much of the same jury verdict as was in favor of the defendants Tamara Mandic and St. Elizabeth Ann's Health Care & Rehabilitation Center and against her on the issue of liability, is in favor of those defendants and against her dismissing the complaint insofar as asserted against those defendants, and (3) a judgment of the same court dated May 3, 2012, which, upon so much of the same jury verdict as was in favor of the defendant Staten Island University Hospital and against her on the issue of liability, is in favor of that defendant and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgments are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff commenced the instant action to recover dam-

ages for medical malpractice and wrongful death, alleging, among other things, the failure to properly diagnose the plaintiff's decedent with a condition known as Stevens-Johnson Syndrome. In the ensuing trial, the plaintiff sought to introduce five color photographs of the plaintiff's decedent taken approximately 13 hours following her death, and several hours after the body had been embalmed, for the stated purpose of showing a "more accurate depiction of the condition she was in at the end of her life," particularly "with respect to her skin breakdown and her Stevens-Johnson or Stevens-Johnson-like condition."

We agree with the plaintiff that the Supreme Court erred in precluding her from making an evidentiary showing for the purpose of authenticating the photographs she sought to introduce into evidence (*see People v Patterson*, 93 NY2d 80, 84 [1999]; *People v Byrnes*, 33 NY2d 343, 347 [1974]; *Geary v Church of St. Thomas Aquinas*, 98 AD3d 646, 647 [2012]). However, reversal is not warranted, as there is no indication that the preclusion of the photographs prejudiced a substantial right of the plaintiff (*see* CPLR 2002; *Geary v Church of St. Thomas Aquinas*, 98 AD3d at 647; *White v Kim*, 29 AD3d 685 [2006]; *Milone v Milone*, 266 AD2d 363, 363-364 [1999]; *Walker v State of New York*, 111 AD2d 164, 165 [1985]). Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.