(November 16, 2016)

■ CHARLES AITCHESON et al., Appellants, v WILLIAM LOWE et al., Respondents. [41 NYS3d 289]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Dutchess County (Rosa, J.), entered July 30, 2014, which, upon a jury verdict on the issue of liability, is in favor of the defendants and against them dismissing the complaint and awarding the defendants costs and disbursements, and (2) a supplemental judgment of the same court, entered October 15, 2014, which, upon an order of the same court dated September 4, 2014, denying the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the jury's verdict, awarded the defendants additional disbursements.

Ordered that the judgment and supplemental judgment are affirmed, with one bill of costs.

The plaintiffs commenced this action to recover damages for personal injuries that the injured plaintiff, Charles Aitcheson, allegedly sustained when, as he was driving in the southbound lane of Route 22 in Dutchess County, the front driver's side of his pickup truck struck the rear corner of the passenger side of a dump truck owned by the defendant Town of Dover and operated by the defendant William Lowe. Prior to the commencement of the jury trial, the defendants moved, in limine, to preclude the introduction of a computer-generated animation

video and computer-generated still images depicting the plaintiffs' version of the subject accident that the plaintiffs intended to present in conjunction with the testimony of their accident reconstruction expert. The plaintiffs opposed the motion. In an order dated May 19, 2014, the Supreme Court granted that branch of the motion which was to preclude the computer-generated demonstrative evidence. The plaintiffs then moved to resettle so much of the order as precluded the subject evidence, and the court, in effect, denied the motion. During the trial, outside the presence of the jury, the plaintiffs made an oral application to present the testimony of their expert as an offer of proof as to the admissibility of the computer-generated demonstrative evidence. The court denied the application. The jury returned a verdict on the issue of liability in favor of the defendants. The plaintiffs appeal from the judgment and supplemental judgment that were entered on the verdict.

"The Supreme Court has broad discretion in determining the materiality and relevance of proffered evidence" (*Caplan v Tofel*, 58 AD3d 659, 659 [2009]; *see People v Scarola*, 71 NY2d 769, 777 [1988]; *Gurgenidze v Vitale*, 44 AD3d 900, 901 [2007]; *Klempner v Leone*, 277 AD2d 287, 288 [2000]). Here, contrary to the plaintiff's contention, the Supreme Court did not err in excluding the plaintiffs' proposed computer-generated demonstrative evidence without first permitting an offer of proof on the record. In their application during trial, the plaintiffs did not set forth any grounds for admission of the demonstrative evidence that they had not presented in their prior motions (*cf. Sargente v Mobarakai*, 129 AD3d 818, 819 [2015]). In any event, even if the court erred in this regard, reversal would not be warranted, as there is no indication that the court's refusal to hear an offer of proof prejudiced a substantial right of the plaintiffs or that admission of the computer-generated demonstrative evidence would have had a substantial influence on the result of the trial (*see* CPLR 2002; *Nestorowich v Ricotta*, 97 NY2d 393, 401 [2002]; *Sargente v Mobarakai*, 129 AD3d at 819; *Deandino v New York City Tr. Auth.*, 105 AD3d 801, 803 [2013]; *Geary v Church of St. Thomas Aquinas*, 98 AD3d 646, 647 [2012]; *Division Seven, Inc. v HP Bldrs. Corp.*, 58 AD3d 796, 797 [2009]). Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.