D'Antonio v Brady (2026 NY Slip Op 01033)

D'Antonio v Brady

2026 NY Slip Op 01033

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2022-08134
 (Index No. 61954/14)

[*1]Donna D'Antonio, appellant,
vJames A. Brady, etc., et al., respondents, et al., defendants.

Napoli Shkolnik, PLLC, Melville, NY (Joseph L. Ciaccio of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP (Lewis Brisbois Bisgaard & Smith, LLP, New York, NY [Nicholas P. Hurzeler and Jonathan Turnbaugh of counsel], for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), entered May 11, 2022. The judgment, upon a jury verdict in favor of the defendants James A. Brady and James A. Brady, M.D., P.C., on the issue of liability, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed, with costs.
On November 29, 2012, the plaintiff saw James A. Brady with complaints of redness, swelling, and discomfort in her left breast implant. Brady diagnosed the plaintiff with an infection and concluded that surgery was necessary. With the plaintiff's consent, Brady scheduled surgery the next day to remove the infected implant. After the surgery, Brady and the plaintiff scheduled a follow-up surgery for January 29, 2013, during which Brady operated on both the plaintiff's left and right breasts.
The plaintiff, who alleged that the surgeries were unnecessary, thereafter commenced this action against, among others, Brady and his professional corporation (hereinafter together the defendants), among other things, to recover damages for medical malpractice. Following a trial, the jury returned a verdict in the defendants' favor on the issue of liability. On May 11, 2022, the Supreme Court entered judgment in favor of the defendants and against the plaintiff dismissing the complaint insofar as asserted against the defendants. The plaintiff appeals.
"In order to find that a jury verdict is not supported by sufficient evidence as a matter of law, there must be no valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial" (Yankovitch v Fessel, 170 AD3d 784, 785-786 [alterations and internal quotation marks omitted]; see Nikollbibaj v City of New York, 106 AD3d 789, 790). "Moreover, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Schuster v Sourour, 207 AD3d 491, 493 [internal quotation marks omitted]; see Angeles v County of Suffolk, 222 AD3d 923, 925). Here, there was [*2]legally sufficient evidence to support the jury's findings that the defendants were not liable for medical malpractice (see Berger v Shen, 185 AD3d 539, 542; Larkin v Wagner, 170 AD3d 1145, 1148; Mazzella v Capobianco, 27 AD3d 532, 532). Further, those findings were based on a fair interpretation of the evidence and, thus, were not contrary to the weight of the evidence (see Larkin v Wagner, 170 AD3d at 1148; Lolik v Big V Supermarkets, 86 NY2d 744, 746).
The Supreme Court erred in precluding the plaintiff from inquiring into prior charges lodged against Brady by the New York Office of Professional Medical Conduct, which arose from intentional conduct dissimilar to the alleged malpractice at issue, for the limited purpose of impeachment. That evidence reflected "a willingness or disposition . . . to place the advancement of [his] individual self-interest ahead of principle or of the interests of society" (People v Weinstein, 42 NY3d 439, 467 [internal quotation marks omitted]; see Castillo v 62-25 30th Ave. Realty, LLC, 74 AD3d 1116, 1117; McNeill v LaSalle Partners, 52 AD3d 407, 409-410). However, this error was harmless, as there is no indication that the inquiry would have had a substantial influence on the result of the trial (see CPLR 2002; Geary v Church of St. Thomas Aquinas, 98 AD3d 646, 647; Division Seven, Inc. v HP Bldrs. Corp., 58 AD3d 796, 797).
IANNACCI, J.P., CHRISTOPHER, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court