■ Louise Ray, Respondent, v Salvator Oddo, Appellant.— In an action to recover damages for wrongful death, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Wager, J.), dated June 7, 1988, which, *inter alia,* denied his motion to set aside a jury verdict, and (2) a judgment of the same court, entered May 1, 1991, which, upon that jury verdict, is in favor of the plaintiff and against him in the principal sum of $58,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

Ernest, John, and Andrew Ray (hereinafter the decedents) died in an automobile crash ending a police chase. The decedents had been picked up by the defendant, who was driving a stolen car. When the police spotted the vehicle, a high speed chase led to the fatal crash. The plaintiff, the mother of the decedents, commenced this action against the defendant to recover damages for wrongful death. The complaint made no mention of whether any of her three sons were survived by children. Subsequently, in a bill of particulars, the plaintiff stated that her oldest son, Ernest, was survived by four children. At the beginning of the trial it became apparent that John and Andrew were each survived by a child. An amendment of the complaint was permitted to reflect those circumstances. Modest verdicts were awarded to benefit the distributees of each son. We affirm.

The decedent Ernest Ray, whose life expectancy was 37 years, had four children who at the time of his death were in foster care. He was not employed at the time of his death. However, he had previously been employed and earned $5 an hour. He sometimes supported his children. The decedent John Ray, whose life expectancy was 41 years, had a daughter whom he supported. He was receiving training in welding at the time of the accident and was being paid for it. Finally, the decedent Andrew Ray, whose life expectancy was 42 years, also had a child. Andrew Ray was working as a custodian for a Social Services Department and also had had a job at the Police Department. The jury awarded $18,000 to Ernest Ray's children, $25,000 to John Ray's child, and $15,000 to Andrew Ray's child, despite the evidence of Ernest and Andrew's prior criminal convictions which was introduced at the trial.

We find that the amount awarded by the jury was not excessive. Although almost no evidence was introduced at the trial as to how much the decedents earned, there was evidence that the decedents supported their children when they were able to do so. Also, "the absence of dollars and cents proof of pecuniary loss does not relegate the distributees to recovery of

nominal damages only" *(Parilis v Feinstein,* 49 NY2d 984, 985). Further, pecuniary losses in a wrongful death action include those resulting from parental nurture and care and from training *(De Long v County of Erie,* 89 AD2d 376, *affd* 60 NY2d 296). Here, the amount awarded by the jury could be attributed to such factors *(cf., Morales v City of New York,* 115 AD2d 439).

We also reject the defendant's claim, raised for the first time on appeal, that the award to Andrew's illegitimate son should be set aside because there was insufficient proof of paternity and that "the father of the child * * * openly and notoriously acknowledged the child as his own" (EPTL 4-1.2 [a] [2] [C]). Since nothing in the posttrial motion to set aside the jury's verdict specifies that objection, the issue is not preserved for appellate review *(see, Nelson v City of New Rochelle,* 154 AD2d 661), and we decline to reach it in the exercise of our interest of justice jurisdiction.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, O'Brien and Ritter, JJ., concur.