■ JOANNE RESNICK, Plaintiff, v MARK BRANDON, Defendant, and SUZANNE SIROTA-ROZENBERG et al., Defendants and Third-Party Plaintiffs-Appellants. NASSAU COUNTY MEDICAL CENTER et al., Third-Party Defendants-Respondents. [708 NYS2d 889] —In an action to recover damages for medical malpractice, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Nassau County (Levitt, J.), dated June 1, 1999, which granted the motion of the third-party defendants for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the third-party complaint is reinstated.

The plaintiff commenced the instant action to recover damages for medical malpractice against the defendants, alleging that they were negligent in failing to timely diagnose and treat her breast cancer. Thereafter, the defendants Suzanne Sirota-Rozenberg and Harold Sirota commenced a third-party action against the third-party defendants seeking contribution on the ground that they failed to diagnose the breast cancer from tissue analysis they performed before the plaintiff was treated by the third-party plaintiffs. The Supreme Court granted the motion of the defendant third-party defendants for summary judgment dismissing the third-party complaint.

Tortfeasors who act neither in concert nor concurrently may nevertheless be jointly and severally liable where the injuries sustained by the plaintiff, because of their nature, are incapable of any reasonable or practicable division or allocation among them (see, Ravo v Rogatnick, 70 NY2d 305, 310). On the record before us, it cannot be said as a matter of law that the plaintiff's injuries are capable of any reasonable or practicable

division or allocation among the third-party plaintiffs and the third-party defendants (*see,* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557; *Ravo v Rogatnick, supra,* at 310). Accordingly, the third-party plaintiffs may properly maintain an action for contribution against the third-party defendants. Joy, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.