# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**473**

**CA 14-02013**

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

SARAH E. WOLF AND MICHAEL WOLF,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                                  MEMORANDUM AND ORDER

ANDRE A. PERSAUD, M.D.,
DEFENDANT-APPELLANT-RESPONDENT,
COLLINS O. OSULA, M.D. AND G & P GYNECARE, P.C.,
DEFENDANTS-RESPONDENTS.

---

COLUCCI & GALLAHER, P.C., BUFFALO (MARYLOU K. ROSHIA OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT AND DEFENDANTS-RESPONDENTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Chautauqua County (Deborah A. Chimes, J.), entered February 26, 2014. The order and judgment, among other things, granted in part plaintiffs' posttrial motion to set aside the jury verdict.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries sustained by Sarah E. Wolf (plaintiff), which plaintiffs alleged were caused by the failure of, inter alia, Andre A. Persaud, M.D. (defendant) to have timely diagnosed a deep vein thrombosis in plaintiff's iliac vein. Following a trial, the jury returned a verdict finding defendant negligent and awarded damages in the amounts of $1,050 for past medical expenses and $9,450 for future medical expenses. The jury awarded no damages for plaintiff's pain and suffering or for plaintiff Michael Wolf's alleged loss of consortium. During the trial, when plaintiffs rested and again at the close of proof, defendant made a motion for a directed verdict pursuant to CPLR 4401 on the ground that plaintiffs had failed to present a prima facie case on the issue of causation. Supreme Court denied both motions and defendant appeals from the order and judgment with respect thereto. Plaintiffs made a posttrial motion seeking to set aside the verdict with respect to the issues of past and future pain and suffering, future medical expenses, and loss of consortium. The court granted that part of plaintiffs' posttrial motion with respect to the issue of past and future pain and

suffering, and ordered a new trial on those items of damages. Plaintiffs cross-appeal from the order and judgment with respect to the denial of the remaining parts of their posttrial motion.

We reject defendant's contention on appeal that the court erred in denying his motions. In determining a motion for a directed verdict, the court must view the evidence in the light most favorable to the nonmoving party and resolve all issues of credibility in favor of the nonmoving party (*see Colburn v Blum*, 233 AD2d 888, 889-890), and may grant the motion only if there is no rational process by which the jury could find for the plaintiffs as against the moving defendant (*see Docteur v Belleville-Henderson Cent. Sch. Dist.*, 307 AD2d 751, 752; *Murphy v Kendig*, 295 AD2d 946, 947). Here, we conclude that plaintiffs presented a prima facie case on the issue of causation, i.e., legally sufficient evidence, through the testimony of their expert, from which a jury could conclude that defendant's failure to order a timely MRI study of plaintiff's iliac vein diminished her chance of a better outcome or increased the injury (*see Goldberg v Horowitz*, 73 AD3d 691, 694). Although defendant's expert offered a contrary opinion, the conflicting testimony merely presented a question of fact for the jury to resolve (*see Mazella v Beals*, 124 AD3d 1328, 1329).

Defendant's further contention that the court erred in permitting the use of a publication from the American College of Obstetricians and Gynecologists to be used during cross-examination because he did not recognize it as "authoritative" is not preserved for our review because he did not object to the publication on that specific ground (*see generally Carr v Burnwell Gas of Newark, Inc.*, 23 AD3d 998, 998). In any event, it is well settled that the use of scientific works and publications may be used for impeachment purposes during cross-examination if it has been demonstrated that the work is the type of material commonly relied upon in the profession and has been deemed authoritative by such expert (*see Lenzini v Kessler*, 48 AD3d 220, 220; *Egan v Dry Dock, E. Broadway & Battery R.R. Co.*, 12 App Div 556, 571). Here, defendant recognized the publication as a "standard of care" to which he attempted to "adhere" in his own practice. Although he did not use the word "authoritative" in describing the publication, we note that the modern trend, with which we agree, is to eschew a narrow and rigid reliance upon semantic choices when other words, and the testimony viewed as a whole, convey an equivalent meaning as that in the traditional verbal formulation (*see Linton v Nawaz*, 62 AD3d 434, 443, *affd* 14 NY3d 821; *Cholewinski v Wisnicki*, 21 AD3d 791, 792; *see also Matott v Ward*, 48 NY2d 455, 460-461). Thus, a physician may "not foreclose full cross-examination by the semantic trick of announcing that he did not find the work authoritative" where he has testified that it is reliable (*Spiegel v Levy*, 201 AD2d 378, 379, *lv denied* 83 NY2d 758; *see Lenzini*, 48 AD3d at 220), especially where, as here, he agreed that it constituted a "standard of care" to which he attempted to "adhere." Defendant's further contentions concerning plaintiffs' cross-examination of the remaining experts are without merit for the same reason.

We agree with plaintiffs that the court properly set aside the verdict with respect to the jury's failure to award any damages for past or future pain and suffering and ordered a new trial on those items of damages (*see Ramos v New York City Hous. Auth.*, 280 AD2d 325, 326). Contrary to defendant's contention, plaintiffs' posttrial motion to set aside that aspect of the verdict as against the weight of the evidence preserved this issue for our review (*see Simmons v Dendis Constr.*, 270 AD2d 919, 920-921). In light of the uncontradicted evidence of the chronic nature of plaintiff's condition and the pain and discomfort associated therewith, the jury's failure to award damages for pain and suffering "is contrary to a fair interpretation of the evidence and constitutes a material deviation from what would be reasonable compensation" (*Grasso v American Brass Co.*, 212 AD2d 994, 995). Defendant failed to preserve for our review his further contention that the jury verdict with respect to the issues of liability and damages for pain and suffering represented a "compromise" verdict (*see Wall v Shepard*, 53 AD3d 1050, 1050; *Ray v Oddo*, 175 AD2d 155, 157, *lv denied* 81 NY2d 702).

We reject plaintiffs' contention on their cross appeal that the jury's failure to award any damages on the cause of action for loss of consortium was against the weight of the evidence (*see Rivera v City of New York*, 40 AD3d 334, 344, *lv dismissed* 16 NY3d 782; *Gutierrez v City of New York*, 288 AD2d 86, 86). Finally, contrary to plaintiffs' further contention, we conclude that the award of $9,450 for future medical expenses does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).