# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**730**

**CA 15-01162**

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

MAURA CLUNE, INDIVIDUALLY AND AS ADMINISTRATRIX
OF THE ESTATE OF JAMES CAMPBELL, DECEASED,
PLAINTIFF-APPELLANT,

V                                                   MEMORANDUM AND ORDER

MICHAEL C. MOORE, M.D., DEFENDANT,
MERCY HOSPITAL OF BUFFALO AND CATHOLIC HEALTH
SYSTEM, INC., DOING BUSINESS AS MERCY HOSPITAL
OF BUFFALO, DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

HOGAN WILLIG, PLLC, AMHERST (LINDA LALLI STARK OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

ANSPACH MEEKS ELLENBERGER LLP, BUFFALO (DAVID M. STILLWELL OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Erie County (John M. Curran, J.), entered April 17, 2015. The judgment dismissed the complaint against defendants Mercy Hospital of Buffalo and Catholic Health System, Inc., doing business as Mercy Hospital of Buffalo upon defendants' motion pursuant to CPLR 4401.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the complaint is reinstated and a new trial is granted.

Memorandum: In appeal Nos. 1 and 2, plaintiff appeals from judgments dismissing the complaints in these consolidated medical malpractice/wrongful death actions against, respectively, defendants Mercy Hospital of Buffalo and Catholic Health System, Inc., doing business as Mercy Hospital of Buffalo (collectively, Mercy defendants) and defendant Michael C. Moore, M.D. (Moore). We agree with plaintiff that Supreme Court erred in granting defendants' motion at the close of plaintiff's case for judgment as a matter of law on the issue of causation (*see* CPLR 4401).

"A directed verdict pursuant to CPLR 4401 is appropriate when, viewing the evidence in [the] light most favorable to the nonmoving party and affording such party the benefit of every inference, there is no rational process by which a jury could find in favor of the nonmovant" (*Hytko v Hennessey*, 62 AD3d 1081, 1083; *see Szczerbiak v Pilat*, 90 NY2d 553, 556; *Wolf v Persaud*, 130 AD3d 1523, 1524). Stated

differently, the test for evidentiary insufficiency is whether there is " 'simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion [advocated by the nonmovant] on the basis of the evidence presented at trial' " (*Szczerbiak*, 90 NY2d at 556, quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499; *see Mazella v Beals*, 27 NY3d 694, 705).

In order to make out a prima facie case of medical malpractice, a plaintiff must show that the defendant "deviated from acceptable medical practice, and that such deviation was a proximate cause of the [patient's] injury" (*James v Wormuth*, 21 NY3d 540, 545; *see Mazella*, 27 NY3d at 705). In order to establish proximate causation, the plaintiff must demonstrate that the defendant's deviation from the standard of care "was a substantial factor in bringing about the injury" (PJI 2:70; *see Wild v Catholic Health Sys*., 21 NY3d 951, 954-955; *see also Mazella*, 27 NY3d at 706). Where, as here, the plaintiff alleges that the defendant negligently failed or delayed in diagnosing and treating a condition, a finding that the negligence was a proximate cause of an injury to the patient may be predicated on the theory that the defendant thereby "diminished [the patient's] chance of a better outcome," in this case, survival (*Wolf*, 130 AD3d at 1525; *see Goldberg v Horowitz*, 73 AD3d 691, 694). In that instance, the plaintiff must present evidence from which a rational jury could infer that there was a "substantial possibility" that the patient was denied a chance of the better outcome as a result of the defendant's deviation from the standard of care (*Gregory v Cortland Mem. Hosp*., 21 AD3d 1305, 1306; *see Candia v Estepan*, 289 AD2d 38, 39-40; *Stewart v New York City Health & Hosps. Corp.*, 207 AD2d 703, 704, *lv denied* 85 NY2d 809). However, "[a] plaintiff's evidence of proximate cause may be found legally sufficient even if his or her expert is unable to quantify the extent to which the defendant's act or omission decreased the [patient's] chance of a better outcome . . . , 'as long as evidence is presented from which the jury may infer that the defendant's conduct diminished the [patient's] chance of a better outcome' " (*Goldberg*, 73 AD3d at 694; *see Flaherty v Fromberg*, 46 AD3d 743, 745; *see generally Brown v State of New York*, 192 AD2d 936, 937-938, *lv denied* 82 NY2d 654).

Here, in appeal No. 1, we conclude that plaintiff, through the testimony of her expert, presented legally sufficient evidence from which a jury could have concluded that the alleged negligence of the Mercy defendants' nursing staff deprived decedent of the substantial possibility of surviving the bowel perforation and resultant peritonitis that led to the death (*see Wolf*, 130 AD3d at 1525; *see Goldberg*, 73 AD3d at 694). We likewise conclude in appeal No. 2 that the evidence adduced by plaintiff at trial provided a rational basis upon which a jury could have found that Moore's alleged departures from the standard of care substantially diminished decedent's chance of surviving the bowel perforation and infection (*see Wolf*, 130 AD3d at 1525; *Goldberg*, 73 AD3d at 694).

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court