Rumsey, J.
 

 Appeals from two orders of the Supreme Court (Cahill, J.), entered March 3, 2016 and April 7, 2016 in Ulster County, which denied defendants’ motions for summary judgment dismissing the complaint.
 

 Plaintiff was playing cards at the home of a friend in the early morning hours of March 6, 2010 when he suddenly collapsed to the floor. After his collapse, plaintiff had difficulty speaking clearly, the right side of his face was drooping and he was unable to use his right hand. Plaintiff’s companions thereafter contacted his fiancée, Jennifer Slauson, at her home by telephone at approximately 1:00 a.m. to advise her of plaintiff’s symptoms. Slauson transported plaintiff to defendant Marga-retville Memorial Hospital (hereinafter Margaretville Hospital), where he presented at 2:16 a.m. seeking emergency medical treatment. Based on Slauson’s report that plaintiff had collapsed approximately one hour prior to arrival, the time of the onset of plaintiff’s symptoms was recorded in the Margaretville Hospital records as 1:16 a.m. Plaintiff was examined by a nurse practitioner, who consulted by telephone with defendant Susan Marion Fiore, a physician with Margaretville Hospital. They determined that plaintiff required more intensive care for his symptoms, which were indicative of a stroke, than could be provided with the limited resources available at Margaretville Hospital and contacted defendant Joubin Meta, a doctor at defendant Kingston Hospital, to arrange for plaintiff’s transfer to Kingston Hospital.
 

 Plaintiff was transported with advanced life support by an ambulance that originated in the City of Kingston, Ulster County — a 45-minute drive from the Village of Margaretville, Delaware County — and departed from Margaretville Hospital at 3:45 a.m. Upon plaintiff’s arrival at the emergency department at Kingston Hospital at 4:52 a.m., he was examined by Meta, who consulted at 5:29 a.m. by telephone with defendant Fabio O. Danisi, a board-certified neurologist employed by defendant Kingston Neurological Associates, PC (hereinafter Kingston Neuro). Meta and Danisi considered administering tissue plasminogen activator (hereinafter TPA), a drug that can dissolve clots in certain stroke patients that Margaretville Hospital was unable to administer, before ultimately concluding that TPA was contraindicated because plaintiff’s stroke was too severe and because too much time had passed since the last known time when he had exhibited normal neurological function, which also was recorded in the Kingston Hospital records as 1:16 a.m.
 

 Plaintiff commenced this medical malpractice action in December 2011. The gravamen of plaintiff’s complaint is that defendants committed malpractice by failing to ensure that he received TPA, which he contends would have reduced the neurological deficits he sustained as a result of the stroke. Specifically, plaintiff alleged that Fiore failed to provide for his timely transfer to Kingston Hospital, and Meta and Danisi failed to administer TPA upon his arrival at Kingston Hospital. Following joinder of issue and discovery, defendants separately moved for summary judgment dismissing plaintiff’s complaint. Supreme Court denied the motions by orders entered on March 3, 2016 and April 7, 2016.
 
 [1]
 
 Fiore, Margaretville Hospital, Kingston Hospital, Danisi and Kingston Neuro (hereinafter collectively referred to as defendants) now appeal from both orders.
 
 [2]
 

 “On a motion for summary judgment in a negligence-based medical malpractice action, the defendant is required to establish, through competent evidence, either that there was no departure from accepted standards of practice in the plaintiffs treatment or that any such deviation did not injure the plaintiff. This burden may be satisfied through a physician’s affidavit or affirmation describing the facts in specific detail and opining that the care provided did not deviate from the applicable standard of care. Only if the defendant meets this initial burden of establishing its entitlement to judgment as a matter of law does the burden shift to the plaintiff to raise a triable issue of fact” (Randall v Kingston Hosp., 135 AD3d 1100, 1101 [2016] [internal quotation marks, brackets and citations omitted]).
 

 Margaretville Hospital and Fiore met their initial burden by submitting the affidavit of Timothy Haydock, a physician board-certified in emergency medicine, who noted that Marga-retville Hospital is a 15-bed facility with limited resources that was not authorized to administer TPA and opined that the care given to plaintiff while he was at Margaretville Hospital met appropriate standards of care for such institutions. Further, Haydock opined that the window for administering TPA for acute ischemic stroke had been extended, by an advisory statement jointly issued by the American Heart Association and the American Stroke Association in 2009 (hereinafter the AHA/ ASA Advisory statement), from three hours to 4V2 hours after the onset of symptoms and, therefore, that any alleged delay by Margaretville Hospital or Fiore in completing the transfer of plaintiff could not have caused any injury to him because he arrived at Kingston Hospital within 4x/2 hours after the reported onset of his stroke symptoms.
 

 Kingston Hospital likewise met its initial burden of demonstrating that the care provided to plaintiff was within acceptable standards of care by submitting an affirmation from board-certified neurologist S. Murthy Vishnubhakat, who opined that plaintiff was promptly evaluated upon his arrival at Kingston Hospital and received care that met appropriate standards. With respect to the time period for administration of TPA, Vishnubhakat stated that the standard of care provided for administration of TPA within three hours from the onset of stroke symptoms and that the AHA/ASA Advisory statement was only a recommendation for extension of the time period to 4V2 hours for patients meeting specific criteria not exhibited by plaintiff. Vishnubhakat further opined that plaintiff was outside of the 4V2-hour time period when he presented at Kingston Hospital and, in any event, was not a suitable candidate for TPA treatment. Notably, Vishnubhakat characterized plaintiff’s stroke as severe — based on plaintiff’s symptoms and the scores that he received on the NIH Stroke Scale — and opined that, given the extent of plaintiff’s stroke and medical history, the administration of TPA could have harmed, rather then benefitted, plaintiff by causing plaintiff to suffer a possibly lethal hemorrhage, a conclusion that he stated was retrospectively confirmed by a subsequent MRI that showed a significant hemorrhage that could have been made even more severe by administration of TPA.
 

 Danisi and Kingston Neuro likewise met their initial burden on their motion for summary judgment dismissing the complaint. In his deposition testimony and his affidavit, Danisi noted that the Food and Drug Administration had approved TPA for administration to stroke victims within three hours from the time of last known normal neurological function and that the benefits of TPA markedly decrease — and the risks increase — when it is administered more than three hours after the onset of symptoms. Danisi acknowledged that TPA may be administered to certain patients for up to 4V2 hours, but opined that plaintiff was not a candidate for TPA treatment in any event because his symptoms at onset raised the possibility that plaintiff had also had a seizure and, based on his NIH Stroke Score, because his stroke was too severe. Danisi further opined that administration of TPA would not have improved plaintiff’s outcome, but, rather, would likely have caused edema and hemorrhage in the middle cerebral artery resulting in profound neurologic injury or death, which, like Vishnubhakat, he opined was confirmed by the subsequent MRI.
 

 As defendants met their respective initial burdens of establishing the right to judgment as a matter of law, the burden shifted to plaintiff to raise a triable issue of fact. In opposition to defendants’ motions, plaintiff submitted an affirmation from board-certified neurologist Allan Rubenstein, who noted that plaintiff’s arrival at Kingston Hospital at 4:52 a.m. and Danisi’s consultation at 5:29 a.m. both occurred within 4V2 hours from the recorded onset of plaintiff’s symptoms at 1:16 a.m. He specifically found that plaintiff did not exhibit any symptoms or conditions that contraindicated administration of TPA and opined that TPA should have been administered to plaintiff under either the three-hour or 4V2-hour standards. Rubenstein characterized the opinion that administration of TPA could have harmed plaintiff by increasing the extent of hemorrhage as “speculative” and noted that “[p] reventing an ischemic stroke from becoming large’ and hemorrhaging is one of the reasons to administer [TPA] in the first place.” In our view, Rubenstein’s opinion that TPA has been proven to improve long-term outcomes for stroke victims as well as his conclusion that “the failure to administer [TPA] deprived [plaintiff] of a substantial possibility for a better long-term neurological outcome, meaning a substantial chance for improved speech, movement and cognition,” was sufficient to raise a triable issue of fact with regard to causation (see Randall v Kingston Hosp., 135 AD3d at 1103-1104; Doucett v Strominger, 112 AD3d 1030, 1033 [2013]).
 

 In addition, plaintiff argued that Margaretville Hospital and Fiore were negligent based on the delay in completing his transfer to Kingston Hospital — a delay allegedly caused by the decision to transport him by an ambulance summoned from Kingston, which took 45 minutes to arrive in Margaretville, rather than by the ambulance that already was located in Margaretville. Although Rubenstein’s affirmation was succinct in this regard, his opinion that the benefit from administration of TPA is improved by earlier treatment was sufficient to raise a triable issue of fact regarding whether plaintiff would have had a better outcome had he arrived at Kingston Hospital sooner, thereby providing the opportunity for earlier administration of TPA, notwithstanding his arrival within the 4V2-hour treatment period (see Conto v Lynch, 122 AD3d 1136, 1138 [2014]; Friedland v Vassar Bros. Med. Ctr., 119 AD3d 1183, 1187 [2014]; Cole v Champlain Val. Physicians’ Hosp. Med. Ctr., 116 AD3d 1283, 1287-1288 [2014]). Thus, viewed in the light most favorable to plaintiff, as the nonmoving party, we conclude that Supreme Court properly found the existence of triable issues of material fact that preclude the grant of summary judgment to defendants.
 

 Peters, P.J., McCarthy, Rose and Mulvey, JJ., concur.
 

 Ordered that the orders are affirmed, with costs.
 

 [1]
 

 . In the April 2016 order, Supreme Court referred to two reply affirmations that it did not mention in the March 2016 order and further adhered to its decision denying defendants’ motions.
 

 [2]
 

 . Meta and defendant Emergency Medical Associates did not appeal from the orders and the action was discontinued against defendant Health Alliance of the Hudson Valley subsequent to its appeal from both orders.