Clark, J.
 

 Appeal from an order of the Supreme Court (Schick, J.), entered October 4, 2016 in Sullivan County, which denied defendant Amarjit Gill’s motion for a directed verdict.
 

 On October 18, 2011, defendant Amarjit Gill (hereinafter defendant), a pediatrician, examined his nine-year-old patient, plaintiff D.Y. (hereinafter the child), in connection with complaints of vomiting, diarrhea, the presence of blood in his urine and his inability to keep fluids down over a three-day period. Upon examination, defendant determined that the child was severely dehydrated and directed the child’s mother, plaintiff DeShawn Y. (hereinafter the mother), to bring the child to the emergency room at defendant Catskill Regional Medical Center to undergo an evaluation as to the cause of his symptoms and receive intravenous fluids. An emergency room physician at Catskill Regional Medical Center thereafter diagnosed the child with gastroenteritis and dehydration and admitted the child to the hospital.
 

 The following day, defendant again examined the child and noted that, although he did not vomit overnight, the child felt weak, had abdominal pain and continued to have watery stools. Defendant diagnosed the child with acute gastroenteritis and severe dehydration, ordered a stool study and requested a surgical consult. The consulting surgeon agreed with defendant’s initial diagnosis and recommended that a CT scan be performed if the child’s abdominal pain continued. Defendant saw the child again on October 20, 2011 and noted that the child had “profuse watery diarrhea,” vomiting and increased bands of immature white blood cells, but that the etiology of the child’s condition remained unknown. Later that afternoon, the results of the stool study indicated that the child’s stool had tested positive for the presence of Clostridium difficile, a bacteria typically present in the body that can, at times, cause an infection. Defendant ordered that the child be treated for a Clostridium difficile infection with an antibiotic. On October 21, 2011, defendant documented a plan for a CT scan of the child’s abdomen, but did not order one. Another pediatrician covered the treatment of the child on October 22, 2011 and October 23, 2011.
 

 On October 24, 2011, prompted by an increasingly high white blood cell count, as well as the child’s complaint of abdominal pain, defendant ordered a CT scan of the child’s abdomen and pelvis. The CT scan revealed a large abscess in the child’s pelvis caused by a ruptured appendix. The child was then transferred to Albany Medical Center, where he underwent a procedure to drain the abscess and a second procedure to insert a percutaneous line into his arm to deliver antibiotics intravenously for a period of two weeks.
 

 Plaintiffs thereafter commenced this medical malpractice action alleging, among other things, that defendant failed to timely and accurately diagnose the child’s condition, thereby causing physical and emotional injuries, loss of quality of life and pain and suffering to the child, as well as increased medical costs and disbursements.
 
 [1]
 
 The mother also asserted a derivative claim for loss of the child’s services, society, companionship and consortium. Following joinder of issue and discovery, the matter proceeded to a jury trial, where plaintiffs testified and also presented the testimony of an expert in the fields of pediatric medicine and infectious diseases. At the close of plaintiffs’ case-in-chief, Supreme Court reserved decision on defendant’s CPLR 4401 motion for a directed verdict. Defendant then testified on his own behalf and also called two competing expert witnesses. At the close of proof, Supreme Court dismissed the mother’s derivative claim and, following summations, submitted the case to the jury. After the jury twice indicated that it was deadlocked, Supreme Court declared a mistrial. Defendant subsequently renewed his motion for a directed verdict in writing, which Supreme Court denied. Defendant now appeals, arguing that Supreme Court should have granted his CPLR 4401 motion for a directed verdict because plaintiffs failed to make out a prima facie case of causation.
 

 Atrial court may grant a CPLR 4401 motion for judgment as a matter of law only when, viewing the evidence in the light most favorable to the nonmoving party and affording him or her the benefit of every inference, there is no rational process by which a jury could find in favor of the nonmoving party (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Peluso v C.R. Bard, Inc., 124 AD3d 1027, 1028 [2015]; Dumas v Adirondack Med. Ctr., 89 AD3d 1184, 1185 [2011], lv denied 18 NY3d 807 [2012]). To establish a prima facie case of medical malpractice, a plaintiff is required to demonstrate, through expert testimony, that the defendant “deviated from acceptable medical practice, and that such deviation was a proximate cause of the plaintiff’s injury” (James v Wormuth, 21 NY3d 540, 545 [2013]; see Peluso v C.R. Bard, Inc., 124 AD3d at 1028; Hytko v Hennessey, 62 AD3d 1081, 1083-1084 [2009]). Proximate cause requires proof that the defendant’s deviation of care be a substantial factor in bringing about the injury (see Wild v Catholic Health Sys., 21 NY3d 951, 954-955 [2013]; Majid v Cheon-Lee, 147 AD3d 66, 69 [2016]; Clune v Moore, 142 AD3d 1330, 1331 [2016]). Where, as here, the plaintiff alleges that the defendant negligently delayed in diagnosing and treating a condition, proximate cause may be predicated on the theory that the defendant “diminished [the patient’s] chance of a better outcome or increased the injury” (Wolf v Persaud, 130 AD3d 1523, 1525 [2015]). An expert’s failure to quantify the extent to which the delayed diagnosis and treatment diminished the chance of a better outcome or increased the injury is not fatal to the establishment of proximate cause, so long “as evidence is presented from which the jury may infer that the defendant’s conduct diminished the plaintiff’s chance of a better outcome or increased his [or her] injury” (Flaherty v Fromberg, 46 AD3d 743, 745 [2007]; accord Neyman v Doshi Diagnostic Imaging Servs., P.C., 153 AD3d 538, 545 [2017]; see Goldberg v Horowitz, 73 AD3d 691, 694 [2010]).
 

 At trial, plaintiffs argued that defendant’s failure to expand his diagnosis and order a CT scan of the child’s abdomen and pelvis at an earlier stage caused the child’s appendicitis to percolate into a perforation that was then allowed to evolve into an abscess and the large collection that was ultimately discovered by CT scan on October 24, 2011. To that end, plaintiffs’ expert testified that the child’s medical records reflected that he repeatedly complained of abdominal pain over the period of October 18, 2011 through October 21, 2011,
 
 [2]
 
 and that the child had an increasingly elevated and abnormal white blood cell band count. Plaintiffs’ expert stated that the child’s abnormal band count on October 20, 2011 demonstrated that the child’s condition was not resolving. In addition, he testified that, despite the presence of Clostridium difficile in the child’s stool, he did not agree that the child had a Clostridium difficile infection because the elevated band count and the absence of certain risk factors on the part of the child did not comport with such a diagnosis. Based on his review of the child’s medical records, plaintiffs’ expert opined, to a reasonable degree of medical certainty, that defendant departed from accepted medical practice by failing to expand his diagnosis and order a CT scan on or before October 21, 2011. He further opined that the child suffered from appendicitis that percolated into a perforation and that, because the child was allowed to eat over the many days leading up to October 24, 2011, the perforation fed into an abscess that evolved into a larger collection. Finally, plaintiffs’ expert testified that the need for a percutaneous line is determined on a case-by-case basis upon consideration of various factors, including the extent of the infection, the size of the collection and whether the collection can be drained in its entirety.
 

 In his oral and written motions for a directed verdict, defendant argued that plaintiffs fell short of establishing a proximate cause because the testimony of plaintiffs’ expert did not demonstrate that any of the alleged departures from accepted medical practice was a substantial factor in causing the child’s injuries. Like Supreme Court, we disagree. Viewing the evidence in the light most favorable to plaintiffs, a juror could rationally conclude that defendant’s failure to expand his diagnosis and order a CT scan on or before October 21, 2011 caused the child’s underlying condition to remain undetected and unnecessarily worsen over the course of several days, thereby resulting in continued emotional and physical pain and suffering relating to the child’s underlying condition and the child’s transfer to a tertiary care center for treatment of the abscess, including the insertion of a percutaneous line (see Gaspard v Aronoff, 153 AD3d 795, 797 [2017]; Wolf v Persaud, 130 AD3d at 1525). Even if a juror accepted defendant’s argument that an earlier diagnosis may have resulted in a more invasive surgical procedure than the child ultimately underwent, he or she could still rationally conclude that the failure to expand the diagnosis and order an earlier CT scan caused the child to, at a minimum, endure unnecessary pain and suffering while he awaited a diagnosis and treatment that would fully address his underlying condition and symptoms (see Dockery v Sprecher, 68 AD3d 1043, 1046 [2009], lv denied 17 NY3d 704 [2011]; compare Brown v State of New York, 192 AD2d 936, 937-939 [1993], lv denied 82 NY2d 654 [1993]). Accordingly, we find that Supreme Court properly denied defendant’s CPLR 4401 motion for a directed verdict.
 

 Peters, P.J., Garry, Devine and Aarons, JJ., concur.
 

 Ordered that the order is affirmed, with costs.
 

 [1]
 

 . Although the record does not reflect that the caption of this action has been amended, it appears that Catskill Regional Medical Center and defendants Carlos Holden and Paramjeest Singh are no longer parties to this action.
 

 [2]
 

 . The parties dispute whether the child or the mother advised defendant at his office that the child was experiencing abdominal pain. Nonetheless, the records from the child’s emergency room visit reflected complaints of abdominal pain.