Daniele v Pain Mgt. Ctr. of Long Is. (2019 NY Slip Op 00093)





Daniele v Pain Mgt. Ctr. of Long Is.


2019 NY Slip Op 00093


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-04240
 (Index No. 4936/12)

[*1]Arlene Daniele, respondent, 
v
Pain Management Center of Long Island, et al., defendants, Neil B. Kirschen, etc., et al., appellants.


Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Scott G. Christesen of counsel), for appellant Neil B. Kirschen.
Bower Law, P.C. (Mauro Lilling Naparty, LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for appellants Winthrop University Hospital and Linda W. Roberts.
The Gucciardo Law Firm, PLLC (Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY [Jonathan A. Dachs], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant Neil B. Kirschen appeals, and the defendants Winthrop University Hospital and Linda W. Roberts separately appeal, from stated portions of an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), dated March 10, 2016. The order, insofar as appealed from by the defendant Neil B. Kirschen, inter alia, denied that branch of his motion which was pursuant to CPLR 4404(a) to set aside, in the interest of justice, so much of a jury verdict on the issue of liability as found him 15% at fault for the plaintiff's injuries and for a new trial. The order, insofar as appealed from by the defendants Winthrop University Hospital and Linda W. Roberts, inter alia, denied those branches of their motion which were pursuant to CPLR 4404(a) to set aside so much of the jury verdict on the issue of liability as found them 85% at fault for the plaintiff's injuries and for judgment as a matter of law, or, in the alternative, to set aside, as contrary to the weight of the evidence, that portion of the jury verdict and for a new trial, or, in the alternative, in effect, to set aside, in the interest of justice, that portion of the jury verdict and for a new trial.
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the motion of the defendant Neil B. Kirschen which was pursuant to CPLR 4404(a) to set aside, in the interest of justice, so much of a jury verdict on the issue of liability as found him 15% at fault for the plaintiff's injuries and for a new trial, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendants Winthrop University Hospital and Linda W. Roberts which was pursuant to CPLR 4404(a), in effect, to set aside, in the interest of justice, so much of the jury verdict on the issue of liability as found them 85% at fault for the plaintiff's injuries and for a new trial, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellants appearing separately and filing separate briefs, and the matter [*2]is remitted to the Supreme Court, Nassau County, for a new trial on the issue of liability with respect to the defendants Neil B. Kirschen, Winthrop University Hospital, and Linda W. Roberts.
The plaintiff commenced this medical malpractice action alleging, inter alia, that the defendants Neil B. Kirschen and Linda W. Roberts, a physician's assistant, failed to timely diagnose and treat an infection and resulting abscesses on her spine, which led to permanent neurological damage. At trial, the evidence demonstrated that on September 2, 2010, the plaintiff presented with lower back pain to Kirschen, a board-certified anesthesiologist and pain management physician who worked at the defendant Pain Management Center of Long Island (hereinafter PMC). Kirschen administered two trigger-point injections to the plaintiff to treat what he believed was muscular pain. On September 5, 2010, the plaintiff, or someone on her behalf, spoke on the telephone with Jacob Rauschwerger, the on-call physician at PMC, and allegedly informed him that the plaintiff had persistent pain, previously had a high fever, and had difficulty moving around. Rauschwerger and the plaintiff disputed whether Rauschwerger advised that the plaintiff should go to a hospital, and Rauschwerger and Kirschen disputed whether Rauschwerger notified Kirschen that the plaintiff had called.
On September 7, 2010, the plaintiff was taken by a friend to the emergency room at the defendant Winthrop University Hospital (hereinafter Winthrop), where she was seen by Roberts. The parties presented conflicting evidence at trial as to what the plaintiff told Roberts. Roberts testified that she told the plaintiff that an X ray of her lumbar spine was "clean," gave the plaintiff an anti-inflammatory and a muscle relaxer, and discharged the plaintiff from the emergency room. The evidence as to the plaintiff's condition when she was discharged, including her ability to walk, was also disputed.
On September 9, 2010, the plaintiff was taken by ambulance to Plainview Hospital, where an MRI of her thoracic and lumbar spines revealed a spinal epidural abscess. The plaintiff was transferred to Winthrop. On September 10, 2010, nonparties Richard Obedian and William Sonstein performed a surgery on the plaintiff, specifically a thoraco-lumbar decompression with a deep bone biopsy of the thoracic and lumbar spine. On September 17, 2010, Obedian and Sonstein performed a surgery on the plaintiff's cervical spine, specifically, an incision and drainage of a deep abscess on the cervicothoracic spine, and a C7-T1 anterior cervical discectomy and fusion.
The jury found that Kirschen departed from accepted medical practice by not following up on the plaintiff's medical case following the telephone call with Rauschwerger on September 5, 2010, and that this departure was a substantial factor in depriving the plaintiff of a substantial chance for an improved outcome. The jury found that Roberts departed from accepted medical practice by not performing a sufficiently thorough physical examination of the plaintiff and/or ordering or recommending an MRI and/or blood test, by not having the plaintiff examined by a physician, and by discharging the plaintiff from the emergency room, and that these departures were substantial factors in depriving the plaintiff of a substantial chance for an improved outcome. The jury, inter alia, found Kirschen 15% at fault for the plaintiff's injuries, and Roberts and Winthrop 85% at fault. The jury awarded the plaintiff the sums of $250,000 for past loss of earnings, $50,000 per year for a period of 7 years for future loss of earnings, $500,000 for past pain and suffering, and $1,500,000 for future pain and suffering over a period of 20 years.
Kirschen moved, inter alia, pursuant to CPLR 4404(a) to set aside, in the interest of justice, so much of the jury verdict as found him 15% at fault for the plaintiff's injuries and for a new trial. Roberts and Winthrop separately moved, inter alia, pursuant to CPLR 4404(a) to set aside so much of the jury verdict as found them 85% at fault for the plaintiff's injuries and for judgment as a matter of law, or, in the alternative, to set aside, as contrary to the weight of the evidence, that portion of the jury verdict and for a new trial, or, in the alternative, in effect, to set aside, in the interest of justice, that portion of the jury verdict and for a new trial. In an order dated March 10, 2016, the Supreme Court, inter alia, denied that branch of Kirschen's motion and those branches of the motion of Roberts and Winthrop. Kirschen appeals, and Roberts and Winthrop separately appeal.
We agree with the Supreme Court's denial of that branch of the motion of Roberts and Winthrop which was to set aside so much of the jury verdict as found them 85% at fault for the plaintiff's injuries and for judgment as a matter of law. In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries (see McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 549; Leavy v Merriam, 133 AD3d 636, 637). " Expert testimony is necessary . . . to establish proximate cause'" (Dray v Staten Is. Univ. Hosp., 160 AD3d 614, 618, quoting Nichols v Stamer, 49 AD3d 832, 833; see Lyons v McCauley, 252 AD2d 516, 517). "To establish proximate cause, the plaintiff must demonstrate sufficient evidence from which a reasonable person might conclude that it was more probable than not that' the defendant's deviation was a substantial factor in causing the injury" (Flaherty v Fromberg, 46 AD3d 743, 745, quoting Johnson v Jamaica Hosp. Med. Ctr., 21 AD3d 881, 883; see Holton v Sprain Brook Manor Nursing Home, 253 AD2d 852). "[T]he plaintiff's evidence may be deemed legally sufficient even if its expert cannot quantify the extent to which the defendant's act or omission decreased the plaintiff's chance of a better outcome or increased his injury, as long as evidence is presented from which the jury may infer that the defendant's conduct diminished the plaintiff's chance of a better outcome or increased his [or her] injury" (Flaherty v Fromberg, 46 AD3d at 745; see D.Y. v Catskill Regional Med. Ctr., 156 AD3d 1003, 1005; Neyman v Doshi Diagnostic Imaging Servs, P.C., 153 AD3d 538, 545; Clune v Moore, 142 AD3d 1330, 1332; Alicea v Ligouri, 54 AD3d 784, 786).
Here, there was legally sufficient evidence to support the verdict finding that Roberts's departures from accepted medical practice decreased the plaintiff's chance of a better outcome or increased her neurological deficits (see D.Y. v Catskill Regional Med. Ctr., 156 AD3d at 1005; Lang v Newman, 54 AD3d 483, affd 12 NY3d 868). Moreover, a fair interpretation of the evidence supported the jury's finding that Roberts's departures from accepted medical practice were a proximate cause of the plaintiff's injuries (see generally Gaspard v Aronoff, 153 AD3d 795, 797; Messina v Staten Is. Univ. Hosp., 121 AD3d 867, 868). Accordingly, we agree with the Supreme Court's denial of that branch of the motion of Roberts and Winthrop which was to set aside that portion of the jury verdict as contrary to the weight of the evidence.
The Supreme Court, however, should have granted that branch of the motion of Roberts and Winthrop which was, in effect, to set aside, in the interest of justice, so much of the jury verdict as found them 85% at fault for the plaintiff's injuries and for a new trial, and should have granted that branch of Kirschen's motion which was to set aside, in the interest of justice, so much of the jury verdict as found him 15% at fault and for a new trial. Under CPLR 4404(a), a trial court may order a new trial "in the interest of justice." " A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise'" (Morency v Horizon Transp. Servs., Inc., 139 AD3d 1021, 1023, quoting Allen v Uh, 82 AD3d 1025, 1025; see Rodriguez v City of New York, 67 AD3d 884, 885). In considering such a motion, "[t]he Trial Judge must decide whether substantial justice has been done, whether it is likely that the verdict has been affected and must look to his [or her] own common sense, experience and sense of fairness rather than to precedents in arriving at a decision'" (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381 [citation omitted], quoting Weinstein-Korn-Miller, NY Civ Prac ¶ 4404.11; see Morency v Horizon Transp. Servs., Inc., 139 AD3d at 1023).
Kirschen, Roberts, and Winthrop argue that they are entitled to a new trial, in part because the Supreme Court erred in precluding them from cross-examining two of the plaintiff's expert witnesses as to whether nonparty doctors Obedian and Sonstein departed from accepted medical practice in delaying their surgery on the plaintiff's cervical spine until September 17, 2010, and whether this delay contributed to the plaintiff's neurological deficits. Notably, the evidence at trial failed to demonstrate that the plaintiff's injuries were capable of any reasonable or practicable division of allocation among Kirschen, Roberts, and Winthrop, and Obedian and Sonstein (see Ravo v Rogatnick, 70 NY2d 305, 310; see also Resnick v Brandon, 272 AD2d 534; Lewis v Yonkers Gen. Hosp., 174 AD2d 611; Innvar v Liviu Schapira, M.D., P.C., 166 AD2d 632). Thus, if, as Kirschen, [*3]Roberts, and Winthrop propose, a jury were to find that Obedian and Sonstein departed from accepted medical practice and that this departure was a substantial factor in depriving the plaintiff of a substantial chance for an improved outcome, Obedian and Sonstein could be found at fault together with Kirschen, Roberts, and Winthrop (see Ravo v Rogatnick, 70 NY2d at 310). As a result, any evidence as to the culpability of Obedian and Sonstein was relevant under CPLR 1601(1) (see Rodi v Landau, 170 Misc 2d 180 [Sup Ct, Rockland County]). The court's error in precluding Kirschen, Roberts, and Winthrop from cross-examining two of the plaintiff's expert witnesses on this issue deprived Kirschen, Roberts, and Winthrop of "substantial justice" (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d at 381; see Taromina v Presbyterian Hosp. in City of N.Y., 242 AD2d 505; see also Feldsberg v Nitschke, 49 NY2d 636, 643; Castillo v 62-25 30th Ave. Realty, LLC, 74 AD3d 1116, 1118; Sargeant v New York Infirmary Beekman Downtown Hosp., 222 AD2d 228). Accordingly, the court should have granted Kirschen, Roberts, and Winthrop a new trial in the interest of justice.
The Supreme Court also should not have allowed the plaintiff's experts, Jason Brajer and Paul Edelson, to testify as expert witnesses in emergency medicine. "[W]here a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered" (Mustello v Berg, 44 AD3d 1018, 1019; see Behar v Coren, 21 AD3d 1045, 1046-1047). Whether a particular witness is qualified to testify as an expert is ordinarily a discretionary determination (see de Hernandez v Lutheran Med. Ctr., 46 AD3d 517, 517), which will not be disturbed in the absence of a serious mistake, an error of law, or an improvident exercise of discretion (see id. at 517-518). Brajer was board-certified in anesthesiology and pain management. He did not testify that he had training in emergency medicine, and did not adequately explain how he was familiar with the standard of care in emergency medicine based upon his prior experience of being called to the emergency room to prepare patients for surgery, or evaluating urgent back pain (see Galluccio v Grossman, 161 AD3d 1049, 1052; cf. Ocasio-Gary v Lawrence Hosp., 69 AD3d 403, 405). Edelson, a pediatrician, had minimal experience in emergency medicine. More importantly, that experience, which consisted of moonlighting at a hospital for five hours per week in the late 1970s and early 1980s, was simply too remote in time to qualify him to testify as an expert in emergency medicine as of September 2010, the time of the treatment at issue in this case. Edelson otherwise failed to demonstrate that he possessed the specialized knowledge, training, or education that would have qualified him as an expert in this area (see Lavi v NYU Hosps. Ctr., 133 AD3d 830, 831; de Hernandez v Lutheran Med. Ctr., 46 AD3d at 517-518; Mustello v Berg, 44 AD3d at 1018-1019). Accordingly, the court should not have permitted their expert testimony.
In light of our determination, the parties' remaining contentions need not be addressed.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court