Fischella v Saint Luke's Cornwall Hosp. (2022 NY Slip Op 02846)

Fischella v Saint Luke's Cornwall Hosp.

2022 NY Slip Op 02846

Decided on April 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 28, 2022

533134
[*1]Michael Fischella, Respondent,
v
Saint Luke's Cornwall Hospital, Appellant.

Calendar Date:March 22, 2022

Before:Lynch, J.P., Clark, Reynolds Fitzgerald, Colangelo and McShan, JJ.

Arciero McMillan & Burgess, PC, New Windsor (Veronica A. McMillan of counsel), for appellant.
Metzger Injury Law, Poughkeepsie (David L. Steinberg of McCabe Coleman Ventosa & Patterson PLLC, Poughkeepsie, of counsel), for respondent.

McShan, J.
Appeal from an order of the Supreme Court (Gilpatric, J.), entered March 8, 2021 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.
Sometime between 3:00 p.m. and 4:30 p.m. on September 14, 2013, plaintiff, then an incarcerated individual at Shawangunk Correctional Facility, began experiencing discomfort and increasing pain in his left testicle. Following a visit to the facility's infirmary and an emergency telemedicine consultation by a urologist, plaintiff was transported to defendant's emergency room for medical treatment. He arrived at the emergency room at 9:55 p.m. with the "stated complaint" of testicular torsion,[FN1] a condition where blood supply to the testicle is cut off due to the testicle twisting. Plaintiff was promptly examined by an emergency room physician, who subsequently requested a urinalysis and ordered a testicular ultrasound. The ultrasound was performed at 11:34 p.m. and revealed an absence of blood flow to the left testicle consistent with acute testicular torsion. The ultrasound findings were discussed with the attending emergency room physician at 12:10 a.m. and, after a consultation with a urologist, plaintiff was admitted to defendant with a diagnosis of testicular torsion. At approximately 1:45 a.m., plaintiff underwent exploratory surgery. During the procedure, plaintiff's left testicle was detorsed but showed no viability, resulting in its removal. Plaintiff thereafter commenced this action against defendant for medical malpractice. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Finding that plaintiff's expert raised issues of fact sufficient to withstand summary judgment, Supreme Court denied the motion. Defendant appeals.
Plaintiff does not dispute that defendant met its initial burden of establishing prima facie entitlement to summary judgment. Defendant did so by submitting, among other things, plaintiff's medical records and the affidavit of a board-certified urologist who concluded that the treatment that plaintiff received following his arrival at defendant's emergency room was at all times within the accepted standards of care. In that regard, defendant's expert opined that the testicular ultrasound was timely ordered and performed and that it was not a departure from acceptable standards of medical care for the emergency room physician to await the results of the ultrasound before seeking a urologic consult. This expert opined further that, even if plaintiff's testicular torsion had been diagnosed and treated immediately upon his admission to the emergency room, the outcome would have been no different. Accordingly, the burden shifted to plaintiff to present expert medical opinion evidence that there was a deviation from the accepted standard of care and that this departure was a proximate cause of his injury (see Goldschmidt v Cortland Regional Med. Ctr., Inc., 190 AD3d 1212, 1214 [2021[*2]]; Young v Sethi, 188 AD3d 1339, 1341 [2020], lv denied 37 NY3d 902 [2021]; Furman v Desimone, 180 AD3d 1310, 1311 [2020]).
Plaintiff submitted the affirmation of Elias Hyams, a board-certified urologist. Hyams averred that testicular torsion is a "true surgical emergency," explaining that the rapid restoration of blood flow to the testis is critical to salvageability. To that end, he indicated that the salvage rate is almost 100% if detorsion is accomplished in less than 6 hours from onset and roughly 50% if accomplished between 6 and 12 hours. He also highlighted that plaintiff arrived at defendant's emergency room with the stated complaint of testicular torsion and set forth the specific symptoms plaintiff presented with that were indictive of such injury. Given plaintiff's complaints, history and physical presentation, Hyams stated that the emergency room physician should have made a presumptive diagnosis of testicular torsion and obtained a prompt urologic consult immediately upon completion of the physical examination. He opined to a reasonable degree of medical certainty that the decision to order a testicular ultrasound rather than arrange for expedited surgery constituted a departure from acceptable standards of medical practice. Hyams further opined that the unnecessary delay in performing surgery decreased the chance of salvaging plaintiff's left testicle and was the proximate cause of his injuries. Contrary to defendant's contention, Hyams' affirmation was neither conclusory nor speculative, and "any scrutiny with respect to the source or basis for [his] opinion, or the credibility of [Hyams] himself, is properly left to cross-examination at trial" (Holland v Cayuga Med. Ctr. at Ithaca, Inc., 195 AD3d 1292, 1295 [2021]; see Goldschmidt v Cortland Regional Med. Ctr., Inc., 190 AD3d at 1215; Carter v Tana, 68 AD3d 1577, 1580 [2009]; Bell v Ellis Hosp., 50 AD3d 1240, 1241-1242 [2008]). Viewing the evidence in the light most favorable to plaintiff, we find that a triable issue of fact exists as to whether defendant deviated from the standard of care and whether any such deviation diminished plaintiff's chance at a better outcome (see Holland v Cayuga Med. Ctr. at Ithaca, Inc., 195 AD3d at 1295; M.C. v Huntington Hosp., 175 AD3d 578, 581 [2019]; D.Y. v Catskill Regional Med. Ctr., 156 AD3d 1003, 1005 [2017]; D'Orta v Margaretville Mem. Hosp., 154 AD3d 1229, 1233 [2017]).
Lynch, J.P., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: This diagnosis was rendered by the urologist who conducted the telemedicine consultation.