S.S. v Hentel (2025 NY Slip Op 04670)

S.S. v Hentel

2025 NY Slip Op 04670

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2021-02995
 (Index No. 711944/18)

[*1]S.S., etc., et al., respondents, 
v
Benjamin Hentel, etc., et al., appellants, et al., defendants.

Feldman, Kleidman, Coffey & Sappe, LLP, Fishkill, NY (Terry D. Horner of counsel), for appellants Benjamin Hentel and DRA Imaging, P.C.
Vouté, Lohrfink, McAndrew, Meisner & Roberts, LLP, White Plains, NY (Howard S. Jacobwitz, Anthony Sammartano, and Matthew Bialor of counsel), for appellant Richard Jiao.
Tangredi Lebson LLP, White Plains, NY (Jay K. Margolis of counsel), for respondents.

DECISION & ORDER
In a consolidated action to recover damages for medical malpractice, etc., the defendants Benjamin Hentel and DRA Imaging, P.C., appeal, and the defendant Richard Jiao separately appeals, from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered April 1, 2021. The order, insofar as appealed from by the defendants Benjamin Hentel and DRA Imaging, P.C., denied that branch of the motion of those defendants and the defendants Jon Lewis and Joseph Antonio which was for summary judgment dismissing the complaint insofar as asserted against the defendants Benjamin Hentel and DRA Imaging, P.C. The order, insofar as appealed from by the defendant Richard Jiao, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
The infant plaintiff was diagnosed with osteogenesis imperfecta (hereinafter OI) in January 2013. Subsequently, the infant plaintiff, by his mother, and his mother, individually, commenced separate actions, which were subsequently consolidated, against, among others, the defendants Benjamin Hentel, DRA Imaging, P.C. (hereinafter DRA), which was Hentel's employer, and Richard Jiao, inter alia, to recover damages for medical malpractice. The plaintiffs alleged, among other things, that Jiao failed to detect the infant plaintiff's leg fracture on a September 26, 2011 X-ray and that Hentel failed to detect rib fractures on a February 15, 2012 CT scan, which resulted in, among other things, a delayed diagnosis of OI, complications, and additional fractures. Jiao moved for summary judgment dismissing the complaint insofar as asserted against him, and Hentel, DRA, and other defendants moved (hereinafter the Hentel motion), inter alia, for summary judgment dismissing the complaint insofar as asserted against Hentel and DRA. In an order entered April 1, 2021, the Supreme Court, among other things, denied Jiao's motion and denied that branch of the Hentel motion. Hentel and DRA appeal, and Jiao separately appeals.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Revellino v Haimovic, 216 AD3d 687, 688, citing Pirri-Logan v Pearl, 192 AD3d 1149, 1150). A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact as to at least one of these elements, and to meet that burden, he or she must submit in admissible form factual proof to rebut a claim of malpractice (see Glassman v Caremount Med., P.C., 226 AD3d 878). If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met his or her prima facie burden of proof (see Revellino v Haimovic, 216 AD3d at 688, citing Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Here, the Supreme Court did not err in denying that branch of the Hentel motion which was for summary judgment dismissing the complaint insofar as asserted against Hentel and DRA. Although the movants established, prima facie, Hentel's entitlement to judgment as a matter of law by demonstrating that Hentel did not deviate from the accepted standard of care given the information he had at the time he interpreted the February 15, 2012 CT scan and that any departure was not a proximate cause of the infant plaintiff's injuries, in opposition, the plaintiffs raised triable issues of fact as to whether Hentel departed from good and accepted medical practice and as to whether his departure proximately caused additional fractures (see Maestri v Pasha, 198 AD3d 632; Polanco v Reed, 105 AD3d 438). For the same reason, DRA was not entitled to summary judgment dismissing the complaint insofar as asserted against it with respect to Hentel's alleged conduct (cf. Wijesinghe v Buena Vida Corp., 210 AD3d 824).
The Supreme Court did not err in denying Jiao's motion for summary judgment dismissing the complaint insofar as asserted against him. Jiao established, prima facie, through his expert's affidavit, that identifying and reporting the fracture in the September 26, 2011 X-ray would not have been a basis upon which Jiao could have been expected to diagnose OI without other indications and that OI is characterized by the occurrence of multiple bone fractures. However, in response, the plaintiffs submitted an expert's affidavit that raised a triable issue of fact as to whether Jiao's alleged departure in failing to recognize the fracture in the September 26, 2011 X-ray resulted in the fracture progressing from a simple fracture to a complex transverse and spiral fracture, causing the infant plaintiff unnecessary pain and suffering and increasing his injury (see D.Y. v Catskill Regional Med. Ctr., 156 AD3d 1003).
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court